Raymond F. LUTTRELL, Plaintiff,

v.

Edwin L. DOUGLAS, William J. Bauer and Honorable Mel Abrahamson, Defendants.

No. 63 C 756.

United States District Court
N. D. Illinois, E. D.
Aug. 14, 1963.

Raymond F. Luttrell, pro se.

William G. Clark, Atty. Gen., State of Illinois, Chicago, Ill., for defendants; William C. Wines, Raymond S. Sarnow, A. Zola Groves, Chicago, Ill., of counsel.

WILL, District Judge.

In his handwritten complaint, plaintiff, an inmate of the Illinois State Penitentiary, Joliet, alleges that in October, 1960, at his arraignment in the Circuit Court of DuPage County on a complaint charging burglary, and despite his sworn plea of indigence, defendant Circuit Judge Mel Abrahamson refused to appoint the Public Defender, defendant Edwin L. Douglas, to represent plaintiff except upon the condition that some payment be made to Douglas. In addition, plaintiff accuses Douglas of accepting and cashing plaintiff's step-fa-

10. Rodgers v. Bennett, 8 Cir., 320 F.2d 83 is readily distinguishable and is not in point.

ther's personal check for $300.00 as compensation for such representation and attaches to his complaint a photocopy of such a check. Defendant William J. Bauer, States Attorney in DuPage County, is charged only with "not complying with the rules of his office, and allowing this illegal action to take place * * *." Plaintiff demands $20,000 from each defendant.

Plaintiff also alleges that his present incarceration results from a 1962 conviction for burglary, the 1960 case having ended in a conviction on plaintiff's plea of guilty but imposition of sentence having been withheld and plaintiff placed on probation. No defendant is charged with involvement in this later conviction, however, and consequently none could be liable to plaintiff for any damages arising therefrom. Accordingly, the Court assumes that, in the case at bar, plaintiff seeks damages solely for wrongs allegedly done to him in 1960.

■ Defendants have moved to dismiss, but they do not contend that the Court lacks jurisdiction to adjudicate this case even though the complaint itself does not state any jurisdictional basis. There is here no diversity inasmuch as all of the parties are Illinois citizens, but since plaintiff seeks only damages, the suit may be presumed to arise under section 3 of the Civil Rights Act, 42 U.S.C. § 1983. Therefore the Court has jurisdiction, 28 U.S.C. § 1343, despite the absence of diversity. Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954), cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955).

Defendants argue that the cause must be dismissed because they are judicial officers all of whom are immune from liability in Civil Rights Act cases. In support of their motion, defendants have cited several cases which hold that police officers and prosecutors, acting in their official capacity, are not liable under the Civil Rights Act for wrongful arrest and malicious prosecution, and several other decisions affirming that a judge is similarly not liable for allegedly abusive exercise of his judicial powers even though his conduct is malicious or oppressive. These cases, however, are inapplicable here.

■ In the instant complaint, plaintiff charges Judge Abrahamson with conditioning the appointment of the Public Defender to represent plaintiff upon the latter's paying to the Defender a fee he was prohibited from accepting,[1] and Douglas is accused of accepting that fee. Such illegal conduct can hardly be described as a judicial function. Judicial officers may not escape liability for the commission of illegal acts merely by committing them in the courthouse. Cf. Yates v. Village of Hoffman Estates, 209 F.Supp. 757 (N.D.Ill.1962).

■ Even though the defendants' alleged conduct was reprehensible if it occurred, and despite the defendants lack of immunity therefor, the motion to dismiss must be granted. Taking the complaint in the light most favorable to the plaintiff, and assuming that plaintiff's claim is asserted under the Civil Rights Act, it must be dismissed because plaintiff has failed to aver the deprivation of any constitutionally protected right, privilege or immunity.

The plaintiff was entitled to free representation by the Defender if he was found to be indigent. But someone else is alleged to have paid for the representation he received. Moreover, plaintiff admits that Judge Abrahamson ruled that he was not indigent. Services of the Public Defender are available without cost only to those who the court finds are financially unable to employ counsel. Ill.Rev.Stat.1959, ch. 34, sec. 5604. Plaintiff was not deprived of any constitutional rights because the Public Defender, allegedly after accepting a fee paid by another, did represent plain-

---

1. Ill.Rev.Stat.1959, ch. 34, secs. 5604 (Public Defender to serve indigents without fee) and 5605 (sole compensation for Defender to be paid by County) and ch. 38, sec. 456 (public official prohibited from exacting fee for doing duty).

tiff. Nor has he been damaged by the judge who purportedly sanctioned these acts nor by the prosecuting attorney who is said to have stood by and watched.

The cause is dismissed for failure of plaintiff to state a claim for which relief may be granted. An order consistent with the above will be entered this day.