**Paul M. SCHIFF, Plaintiff,**

v.

**John A. HANNAH, President of Michigan State University, John A. Fuzak, Vice President of Michigan State University, and Board of Trustees of Michigan State University, Defendants.**

**Civ. A. No. 5147.**

United States District Court
W. D. Michigan, S. D.

July 15, 1966.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., Paul A. Williams, Grand Rapids, Mich., Erwin B. Ellmann, Detriot, Mich., Kenneth Laing, Jr., Lansing, Mich., of counsel, for plaintiff.

Anderson, Carr & Street, Lansing, Mich., Leland W. Carr, Jr., Lansing, Mich., of counsel, for defendants.

Before KENT, Chief Judge, STARR, Senior Judge, and FOX, District Judge.

## OPINION

FOX, District Judge.

This matter is being considered by the Judges of this Court, sitting en banc, because of the importance of the questions involved when considered in the light of the effect of such questions upon the future operations of the educational institutions of the State of Michigan, and because of the probable effect upon the individuals who may be seeking readmission to such institutions.

This hearing is held to consider the plaintiff's motion for a temporary injunction to restrain the defendants from interfering with the plaintiff's attendance at Michigan State University, and to consider the defendants' motion to dismiss the action.

At the outset the record should show that the Court is satisfied that in the present posture of this action, the motion to dismiss should be denied. There are issues of fact which should be resolved, and as will appear in the course of the Court's opinion, the Court has concluded that this matter can be disposed of without the interference of the United States Courts.

An order may therefore be entered denying the motion to dismiss, but without prejudice to its renewal at a later stage of the proceedings.

The Court wishes to make clear that its decision in the case, because of the unusual nature of the facts involved and the consequent dispute as to the status of plaintiff at Michigan State University at the time of the action complained of, is limited strictly to the factual situation presented by this case.

From the pleadings, the affidavits, the motions, the briefs, and the arguments, we are satisfied that in order to do justice to the plaintiff, he should be afforded an opportunity to have full consideration of the reasons assigned for denying him readmission as a candidate for a graduate degree at Michigan State University.

As has been pointed out during the course of the arguments, we are of the opinion that the counsel for the defendants did not properly brief the more recent cases having to do with the readmission and expulsion of students from tax-supported educational institutions. In this connection, reference is made to Dixon v. Alabama State Board of Education, 294 F.2d 150 (CCA 5, 1961), cert. den. 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193; Knight v. State Board of Education, a Tennessee decision, D. C., 200 F.Supp. 174 (1961); and Swan v. Board of Higher Education, 319 F.2d 56, 59 (CCA 2, 1963).

Defendants should also give attention to certain cases not concerned with educational institutions. Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230, and Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377.

The guidelines laid down in the Dixon case, previously cited, should be adequate to suggest to the defendants that consideration which the plaintiff should receive. While the Dixon and Knight cases differ on their facts from that which is presently before the Court, we are con-

vinced that these cases correctly state the law applicable to facts in this case.

After due consideration of the cases which have been cited by counsel, and of cases which have been examined separate and apart from those cited by counsel, this Court is satisfied that a temporary injunction as such would not be justified at the present time. It is the opinion of the Court that this matter should be handled by the authorities at Michigan State University without a court order, except as later developments may point out the necessity for action by this or some other court.

In the opinion of this Court, the defendants, or those charged with the appropriate duties, should furnish to the plaintiff within ten days, a letter setting forth in sufficient detail the reasons for rejecting the plaintiff's application for readmission as a graduate student in history. After receipt of such letter, plaintiff should be afforded ten days thereafter in which to present to the Administration a reply, including any affidavits which he may wish to attach thereto, setting forth his claims in opposition to the reasons given by the Administration for rejecting his application.

Within ten days after receipt of the plaintiff's reply above referred to, plaintiff should be afforded an audience with the appropriate Administrative authorities of Michigan State University charged with the final determination of the acceptance or rejection of his application for readmission. Such audience shall be conducted in accordance with the guidelines laid down in Dixon v. Alabama State Board of Education, supra.

In anticipation that the suggestion of the Court will be accepted by the defendants, the motion for a temporary injunction is denied, again without prejudice to renewal of such application at a later stage of these proceedings.

The Court will retain jurisdiction of the entire matter for a period of ninety days for further consideration if conditions justify such further consideration.