**Sherman H. SKOLNICK, Plaintiff-Appellant,**

v.

**Commissioner James Benton PARSONS, the President's Commission of Law Enforcement and Administration of Justice, Defendants-Appellees.**

**No. 16615.**

United States Court of Appeals Seventh Circuit.

July 9, 1968.

Motion to Vacate Judgment Denied on Aug. 5, 1968.

Sherman H. Skolnick, Chicago, Ill., for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges

CUMMINGS, Circuit Judge.

Acting *pro se* under Section 1361 of the Judicial Code (28 U.S.C. § 1361),[1] plaintiff has sued the President's Commission on Law Enforcement and Administration of Justice and one of its members. The purpose of the suit was to compel the defendants to release a 63-page report submitted to defendants by G. Robert Blakey of the faculty of Notre Dame Law School. The Executive Committee of the District Court dismissed the complaint *sua sponte* on the following two grounds:

"1. The said complaint states no cause of action justiciable in this Court.

"2. The legal existence of both defendants named in said complaint terminated by Presidential Order prior to the filing of the complaint, as evidenced by attached Exhibit A."

According to the complaint, the Commission was established on July 23, 1965, through Executive Order 11236. Its principal report, entitled "The Challenge of Crime in a Free Society," was issued in February 1967. The Government advises us that the Commission's last task force report was submitted to the President in June 1967. Under the Executive Order, the Commission was required to terminate 90 days after that event. Exhibit A attached to the dismissal order was a General Services Administration Notification of Personnel Action showing that the defendant Commissioner's services terminated on June 21, 1967, because of the Commission's completion of assignment.

In view of a 1967 Public Information amendment to the Administrative Procedure Act, not cited in the complaint but discussed in the briefs here, the first ground of the District Court's judgment is not sustainable. Thus Section 552(a) (3) of Title 5 of the United States Code provides in pertinent part:

"  *   *   *   each agency [defined in § 551(1) as 'each authority of the government of the United States,' with certain exceptions], on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available *to any person*. On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. In the event of noncompli-

---

1. This 1962 provision granted original jurisdiction to the district courts "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

ance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member. Except as to causes the court considers of greater importance, proceedings before the district court, as authorized by this paragraph, take precedence on the docket over all other causes and shall be assigned for hearing and trial at the earliest practicable date and expedited in every way." (Emphasis supplied.) By virtue of this statute, the complaint, by interpreting the allegations of suppression of the Blakey report as equivalent to a "request," does state a cause of action justiciable in the District Court.[2] Under this statute, the plaintiff has standing because the records are to be made available "to any person." See Davis, The Information Act: A Preliminary Analysis, 34 U.Chi.L.Rev. 761, 765 (1967).

█ █ The second ground for dismissing the complaint was the termination of the legal existence of the defendant Commission and of the defendant Commissioner's term. In an effort to obtain jurisdiction over the defendants, plaintiff served summonses and copies of the complaint upon the defendant Commissioner, the United States Attorney General, and the United States Attorney for the Northern District of Illinois. Nevertheless, assuming that the Commission was a suable entity and also that one of its members could be sued individually, any mandamus type of action against them abated when the Commission terminated on June 21, 1967. Snyder v. Buck, 340 U.S. 15, 18, 71 S.Ct. 93, 95 L.Ed. 15; Acheson v. Fujiko Furusho, 212 F.2d 284, 295 (9th Cir. 1954);

Chew Yin v. Acheson, 216 F.2d 60, 61 (7th Cir. 1954); Bowles v. Wilke, 175 F.2d 35, 37–38 (7th Cir. 1949), certiorari denied, 338 U.S. 861, 70 S.Ct. 104, 94 L. Ed. 528. Since this Commission became *functus officio*, there was no "transfer of interest" within Rule 25(c) of the Federal Rules of Civil Procedure permitting continuance of the action against the original party or substitution of the person to whom the interest is transferred. See 4 Moore's Federal Practice (2d ed.) ¶ 25.08. Similarly, Rule 25(d) does not permit substitution, for no successors to the Commission were appointed. See ibid., ¶ 25.09. Even if the Commission were still in existence, it is doubtful that it could be sued, for "Congress has not constituted the Commission a body corporate or authorized it to be sued *eo nomine*." Blackmar v. Guerre, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534. As stated there, when Congress authorizes one of its agencies to be sued *eo nomine*, it does so explicitly, or impliedly where the agency is an offspring of a suable entity. Ibid. at p. 515, 72 S.Ct. 410.

█ Consideration of this complaint was given by the partly rotating Executive Committee, a three-judge arm of the United States District Court for the Northern District of Illinois, in accordance with its practice of screening *pro se* complaints in an effort to weed out frivolous litigation. Those that pass the screening process are then assigned by the Executive Committee to a judge with related complaints or otherwise returned to the Clerk for the customary assignment under Rule 10 of the General Rules of that Court. This practice was formalized by the adoption of an amendment to Rule 10(B) (2) (a) of the General Rules in November 1967.[3] The amendment

---

2. At the oral argument, the Government relied on two exceptions to the statute. The first excepts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" (5 U.S.C. § 552(b) (5)). The second excepts "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency" (5 U.S.C. §

552(b) (7)). The District Court was given no opportunity to construe these exceptions and therefore we do not pass on their applicability.

3. The amendment provides in pertinent part:
"* * * that all cases filed by plaintiffs pro se (except petitions for a writ of habeas corpus and other cases filed by persons in custody) shall be

was intended to relieve the former situation where a myriad of *pro se* complaints were automatically assigned in a haphazard way to the eleven members of that Court without their even knowing of the pendency of related matters before their brethren. When this complaint was reviewed, the Executive Committee consisted of Chief Judge Campbell and Judges Parsons and Will. Since Judge Parsons was named a defendant in his capacity as a former member of the President's Commission on Law Enforcement and Administration of Justice, he did not participate in the dismissal order. The fact that the dismissal order was signed by two judges exercising their judicial function does not denigrate it as an order of the Court entered under its rule-making power. See 28 U.S.C. § 2071; cf. TCF Film Corp. v. Gourley, 240 F.2d 711, 714 (3d Cir. 1957); Hosie v. Chicago & North Western Railway Company, 282 F.2d 639, 643 (7th Cir. 1960), certiorari denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693; Schiff v. Hannah, 282 F.Supp. 381 (W.D.Mich.1966); United States v. 4,400 Copies of Magazines, etc., 276 F.Supp. 902 (D.Md.1967). The Chief Judge of the District Court has been directed by Congress to be "responsible for the observance of [the] rules and orders [of the court], and [to] divide the business and assign the cases so far as such rules and orders do not otherwise prescribe" (28 U.S.C. § 137). This statutory command amply authorizes the amendment to General Rule 10(B) (2) (a).

Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962), on which plaintiff relies, recognizes the propriety of summarily dismissing a complaint for a jurisdictional defect. Here the District Court could judicially notice that this Presidential Commission had terminated before this complaint was filed, thus depriving it of jurisdiction to proceed further. See Snyder v. Buck, 340 U.S. 15, 22, 71 S.Ct. 93, 95 L.Ed. 15. If a district court entered an order against a non-existent commission, a court of appeals could reverse on the ground that the district court was without jurisdiction. Idem.; see also 28 U.S.C. § 2105. *Harmon* was cited with approval in Urbano v. Calissi, 353 F.2d 196 (3d Cir. 1965), on which plaintiff also relies. We agree with *Harmon* and *Urbano* that the District Court should exercise *sua sponte* dismissal power only in the clearest cases. Even under the amendment to its General Rule 10(B) (2) (a), the contentions of both plaintiffs and defendants should ordinarily be presented to a single District Judge.

We have considered the other points raised by plaintiff but do not deem them persuasive.

The cause of action against these defendants having abated, the judgment is affirmed.

assigned to the Executive Committee for consideration prior to the assignment thereof to the calendar of an individual judge."