**Sherman H. SKOLNICK and Jean Mac-Donald, Plaintiffs-Appellants,**

**v.**

**Otto KERNER, Chairman, and the President's National Advisory Commission on Civil Disorders, Defendants-Appellees.**

**No. 16810.**

United States Court of Appeals, Seventh Circuit.

Nov. 16, 1970.

Sherman H. Skolnick, Chicago, Ill., for plaintiffs-appellants; Jean MacDonald, pro se.

William J. Bauer, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees; Jack B. Schmetterer, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

SWYGERT, Chief Judge.

On February 28, 1968 plaintiffs Sherman H. Skolnick and Jean MacDonald, acting pro se, filed a complaint in the district court seeking compliance by the National Advisory Commission on Civil Disorders and its chairman with the provisions of the public information section of the Administrative Procedure Act. 5 U.S.C. § 552 (Supp. V, 1970).

Plaintiffs allege that the Commission wrongfully suppressed a report, "The Fruits of Racism," which had been submitted to it in the course of its investigations and that this suppression was violative of the duty imposed by Section 552(a) (3) which requires that:

> [E]ach agency [defined in § 551(a) as "each authority of the Government of the United States," with certain exceptions] * * * shall make * * * [requested] records promptly available to any person.

The complaint was dismissed on March 4, 1968 by the Executive Committee of the United States District Court for the Northern District of Illinois [1] which ruled that "the complaint states no cause of action justiciable in this Court." Plaintiffs appeal from the order of dismissal.

Shortly after the complaint was filed and before its dismissal, the Commission filed its final report. The Government contends that by this act the Commission was automatically dissolved and that any suit then pending against it abated. We agree and therefore need not reach the Government's additional arguments that the Commission was not

1. *See* Skolnick v. Parsons, 397 F.2d 523, 525–26 (7th Cir. 1968), for a description of this committee and the manner in which it screens complaints submitted by pro se litigants. That case is dispositive of plaintiffs' contention that the procedure according to which the Executive Committee operates violates due process.

a suable entity and, in any event, was not properly served with process.

The Commission was established by Executive Order 11365, 3 C.F.R. 310 (Supp.1967), which provides that:

> The Commission shall make an interim report as to its findings of fact not later than March 1, 1968, and shall present its final report and recommendations not later than one year from the date of this order [July 29, 1967]. It shall terminate upon presenting its final report and recommendations.

In its report, dated March 1, 1968, the Commission stated that a sense of urgency concerning the problems it had explored led it to "consolidate in this single report the interim and final reports called for by the President."[2] Thus pursuant to the terms of the order which created it, the Commission dissolved on March 1, 1968.

We believe that our recent decision in Skolnick v. Parsons, 397 F.2d 523 (7th Cir. 1968), is determinative of the issues raised by plaintiffs. In *Parsons*, the plaintiff attempted to compel the President's Commission on Law Enforcement and Administration of Justice to release a report which the Commission had allegedly suppressed. We there held that "any mandamus type of action against [the Commission] abated when the Commission terminated." 397 F.2d at 525. It appears that in *Parsons* the complaint was not filed until after the termination of the Commission's existence while the complaint here was filed a few days prior to the Commission's dissolution. However, we placed no reliance on that fact in *Parsons*, but based our decision on reasons equally applicable to the instant situation.

*Parsons* requires that a pending suit, even if properly instituted against an existing governmental agency, abate when the agency dissolves without a successor assuming its powers and functions. On March 1, 1968, the National Advisory Commission on Civil Disorders became *functus officio*, and no other governmental officer or authority was appointed to succeed to any of its duties. Consequently there would be no one against whom a decree requiring the production of the allegedly suppressed document could operate. We therefore hold that there is no available remedy and that the plaintiffs' suit abated on the dissolution of the Commission without a successor.

The judgment of the district court is affirmed.

---

2. Report of the National Advisory Commission on Civil Disorders, p. 15 (March 1, 1968).