Sherman H. SKOLNICK, and Harriet Sherman, Plaintiffs-Appellants,

v.

Chief Judge William J. CAMPBELL et al., Defendants-Appellees.

No. 18713.

United States Court of Appeals, Seventh Circuit.

Nov. 19, 1971.

**532**

Harriet Sherman, Sherman H. Skolnick, Chicago, Ill., for plaintiffs-appellants.

William J. Bauer, U. S. Atty., James C. Murray, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SWYGERT, Chief Judge, and CUMMINGS and STEVENS, Circuit Judges.

SWYGERT, Chief Judge.

Plaintiffs, acting pro se, instituted an action against the President's National Commission on the Causes and Prevention of Violence, Albert E. Jenner, Jr., a member of the Commission, Attorney General Ramsey Clark and Chief Judge William J. Campbell of the Northern District of Illinois. The complaint contained two counts: Count One, alleging a violation of the public information section of the Administrative Procedure Act, 5 U.S.C. § 552, as amended, 81 Stat. 54 (1967), seeks under 28 U.S.C. §§ 2201, 2202 (1959) a declaratory judgment to affirm plaintiffs' right to the Commission's official staff report regarding the disorders surrounding the Democratic National Convention of 1968, and an order under 28 U.S.C. § 1361 (1971) enjoining defendants from withholding that report. Count Two is directed solely against Chief Judge Campbell and seeks money damages of one million dollars for his role in preventing the plaintiffs from testifying before the federal grand jury impaneled to investigate the disorders. The plaintiffs appeal from the district court's dismissal of Count One and the grant of summary judgment as to Count Two. We affirm.

I

The Commission on the Causes and Prevention of Violence was created pursuant to Executive Order 11412, 3 C.F.R. 114 (1968 Compilation) for the purpose of conducting investigations and making recommendations with respect to the "causes and prevention of lawless acts of violence," and "disrespect for law and order." Under Executive Order 11469, 3 C.F.R. 119 (1969 Compilation) the life of the Commission was extended to December 10, 1969. Since the Commission dissolved as of that date, after having compiled its final report, and since no governmental body was assigned to succeed to its duties, any suit pending against it abated.

Our recent decisions in Skolnick v. Parsons, 397 F.2d 523 (7th Cir. 1968), and Skolnick v. Kerner, 435 F.2d 694 (7th Cir. 1970), are determinative. Both cases involve proceedings under the public information section of the Administrative Procedure Act against commissions created by executive order with fixed investigative responsibilities and limited terms. In *Parsons*, a complaint brought against the President's Commission on Law Enforcement and Administration of Justice and one of its members after the Commission had been dissolved was dismissed on the ground that "any mandamus type of action against [the Commission] abated when the Commis-

sion terminated * * *." 397 F.2d at 525. In *Kerner,* a suit against the President's National Advisory Commission on Civil Disorders and its chairman was held to have abated even where, as in the instant case, the complaint was filed several days before the termination of the Commission. The rationale for both holdings is that without the appointment of a successor to assume the duties of the Commission, there is no officer or authority to grant the relief requested under the public information section.[1] Thus, we hold that with the dissolution of the Commission on December 10, 1969 without a successor, the plaintiffs' suit abated.[2]

## II

We hold that Count II of the complaint which seeks money damages against Chief Judge Campbell for preventing plaintiffs from appearing as grand jury witnesses warrants dismissal because of the immunity from civil liability accorded judges for acts within their jurisdiction. Judicial immunity from damage suits is a well-settled common law doctrine: " * * * [J]udges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed * * *." Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958); Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *see* Developments in the Law— Remedies against the United States and its Officials, 70 Harv.L.Rev. 829, 833 (1957).

The standard for defining conduct encompassed by "the judicial function" has been broadly construed by this circuit: "If a judge is viewed as acting 'in excess' of his jurisdiction, he still will be immune from suit. It is only when he has acted in the 'clear absence of all jurisdiction over the subject-matter' that he may be sued for damages." Jacobson v. Schaefer, 441 F.2d 127, 129 (7th Cir. 1971) (citing to Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646). In *Jacobson,* a damage suit against a judge who had refunded a portion of defendant's bail money to pay court-appointed counsel was dismissed, the court holding that the judge's clear abuse of power did not vitiate his original jurisdiction to attach some conditions to bail.

1. The public information section of the Administrative Procedure Act provides in pertinent part:

   On complaint, the district court of the United States * * * has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member. 5 U.S.C. § 552(a) (3) (1967).

2. Plaintiffs improperly join Chief Judge Campbell and former Attorney General Ramsey Clark in the allegations of Count One. The remedial provisions of the public information section of the Administrative Procedure Act, 5 U.S.C. § 552(a) (3) (1967), are addressed in the first instance to the agency that is claimed to be withholding agency records, or, in the event of noncompliance with the district court's order, to the "responsible employee." Neither official was part of the Commission, nor were they authorized to suppress or release any information relating to the Commission's activities during the pendency of the Commission or after its dissolution. Moreover, nothing alleged in this count supports any cause of action against either defendant. Chief Judge Campbell appears to be charged with disparaging the published report of the Commission by claiming it was not the official government document and making statements that purportedly "threatened" Daniel Walker, Director of the Commission's Study Team investigating the Chicago disorders, with a grand jury probe concerning the circumstances surrounding the release of the staff report. Former Attorney General Clark is charged with suppressing information, but no specific acts are alleged.

441 F.2d at 130;, *see* Skolnick v. Campbell, *supra;* Berg v. Cwiklinski, 416 F.2d 929 (7th Cir. 1969).

In the instant case, the only specific acts alleged to have been committed by the judge are statements in which he refers to the federal grand jury as "my grand jury." In addition, plaintiff Skolnick relates a phone conversation with the grand jury foreman in which the foreman allegedly acknowledged "interference" on the part of Judge Campbell with the scheduling of the plaintiffs as grand jury witnesses. None of these allegations is sufficient to overturn a finding of the judge's original jurisdiction over a grand jury proceeding[3] as that standard has been defined in the judicial immunity cases before this circuit. Accordingly, a suit for damages may not lie.

The order of the district court dismissing Count One and granting summary judgment to the defendant in Count Two is affirmed.

3. Fed.R.Crim.P. 6 defines the general supervisory power over the grand jury of the district court in whose jurisdiction the grand jury was convened.