James **BARKSDALE** et al.,
Plaintiff,

v.

Daniel J. **RYAN,** Judge of the Circuit Court of Cook County, Illinois, and Barry S. Frazin, Attorney, Defendants.

No. 74 C 51.

United States District Court,
N. D. Illinois, E. D.
July 1, 1974.

James Barksdale pro se.

William E. Elston, Jr., Chicago, Ill., for Barry S. Frazin.

Fredric B. Weinstein, Asst. State's Atty., Chicago, Ill., for Daniel J. Ryan.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

This matter comes before me now on Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R. Civ.Pro. 12(b)(6).

On November 1, 1972, Plaintiff James Barksdale, represented by Defendant Attorney Barry Frazin, was convicted of rape and deviate sexual conduct in the Cook County Circuit Court before Defendant Judge Daniel J. Ryan. Earlier in that year, on May 1, 1972, Defendant Ryan released Plaintiff's bail money to a third party or organization that, Plaintiff contends, had no right or authority to receive the funds.[1] Barksdale thereafter perfected a timely appeal to the Illinois Appellate Court where he raises constitutional objections to the manner

---

1. Barksdale maintains that the bail money was turned over to his "grandmother-in-law," while Ryan states that he released it to a church organization that had posted the funds for Plaintiff's bail. In either case, there is no allegation that Ryan benefitted personally from his actions. As will be developed in the text, this factual issue is legally immaterial and does not prevent the entry of summary judgment on the question of Judge Ryan's liability for damages on this allegation.

of his arrest, trial, and conviction and argues that Judge Ryan's distribution of the bail money was arbitrary and improper. That appeal has not yet been resolved.

▆▆▆ Confined at the Illinois State Penitentiary, Stateville Branch, Plaintiff brings this action to attack the legality of his conviction.[2] See 28 U.S.C. §§ 1331, 1343, 2201, 2202; 42 U.S.C. §§ 1983, 1985(3). Stripped to its barest essentials, then, this lawsuit seeks habeas corpus relief without complying with the exhaustion-of-remedies doctrine of the federal habeas corpus statutes. See 28 U.S.C. § 2241 et seq. See, generally, Sokol, Federal Habeas Corpus § 22 (1969). Under the principles of Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), this procedure is impermissible and these allegations must be dismissed.

▆▆▆ In Preiser, the United States Supreme Court held that, where a prisoner challenges the legal adequacy of his confinement, he must bring his action under the relevant habeas corpus statute and may not utilize the federal civil rights acts to bypass the procedural requirements of habeas corpus law.[3] In short, Plaintiff must exhaust his state judicial remedies before receiving habeas consideration from this Court. As a matter of federal-state comity, the Illinois state court system must be allowed to review its own alleged constitutional errors before this Court may properly exercise its jurisdiction. For an excellent discussion of the comity issue, see Preiser, supra at 490–94, 93 S.Ct. 1827.

After dismissing Plaintiff's habeas-related claims, his bail allegations remain for decision. Pursuant to Fed.R.Civ. Pro. 12, Defendant Ryan's motion to dismiss these charges is treated as a motion for summary judgment and is granted.

▆ Although the parties disagree on one or two factual grounds, only one material question exists as to this claim: whether Judge Ryan acted "within his judicial function" when he ordered Plaintiff's bail money to be given to an "unauthorized" person or organization. Skolnick v. Campbell, 454 F.2d 531, 533 (7th Cir. 1971); Jacobson v. Schaefer, 441 F.2d 127 (7th Cir. 1971). In all affidavits on file, it is undisputed that Ryan's order of release was issued in his official capacity as a Cook County Circuit Judge and that, regardless of his intentions or motivations, his action was

2. Plaintiff's complaint alleges a series of constitutional deficiencies in the manner in which he was apprehended and convicted. He charges that Defendants, as his attorney and presiding judge, condoned these violations and are, accordingly, responsible for the damage he has been caused. Even if Barksdale's assertions were accurate, vicarious liability has no place in civil rights law, Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill. 1969), and, absent active participation in the alleged violations, these parties can have no liability for the unlawful acts of others. Adams v. Pate, 455 F.2d 105, 107 (7th Cir. 1971).

3. Preiser, supra at 494, 93 S.Ct. 1827, contains dicta asserting that an inmate may pursue habeas relief under the civil rights acts if the habeas claim is joined with a substantial money claim. Although Plaintiff asks for $1,500,000 in damages, I do not believe that this demand saves his complaint. Aside from the obvious fact that the Preiser language at issue is merely dicta and not controlling on this question, this theory, as applied herein, is totally inconsistent with the Supreme Court's express concern with federal-state comity and the avoidance of friction between the two jurisdictions.

Moreover, this dicta may be explained on the facts of that case. The Preiser plaintiffs sought release from confinement solely on the basis of good-time credits which they were allegedly due as a result of their incarceration. Their lawsuit did not request an initial review of their criminal convictions. Here, however, Barksdale has properly lodged his appeal with the Illinois appeals court and there, for the first time, seeks an appellate review.

In the context of an on-going criminal appeal, Plaintiff must be precluded from receiving simultaneous consideration of his constitutional claims in this Court. Any other decision would require constant and meddlesome interference with the state judicial system and would rend the fabric of federal-state relations. See Preiser, supra at 490–94, 93 S.Ct. 1827.

not "clearly illegal" under Illinois law. *Jacobson, supra* at 129; *Luttrell v. Douglas,* 220 F.Supp. 278 (N.D.Ill.1963). *See, generally,* 38 Ill.Rev.Stat. § 1–1 *et seq.* Since he did not act "in the clear absence of all jurisdiction over the subject-matter," Judge Ryan cannot be liable for damages herein by reason of his judicial immunity. *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351, 350–54, 20 L.Ed. 646 (1871); *Piersen v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). *Bershad v. Wood,* 290 F.2d 714 (9th Cir. 1961), is closely analogous to this case. *See Gregoire v. Biddle,* 177 F.2d 579 (2d Cir. 1949), *cert. den.* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); *Norton v. McShane,* 332 F.2d 855 (5th Cir. 1964). *See also Note,* 70 Harv.L.Rev. 829, 833–38 (1957).

Defendants' motion to dismiss is granted as to all issues seeking habeas corpus relief. Summary judgment is entered in favor of Defendant Ryan on the issue of the bail money distribution.

Case dismissed.