(No. 39277.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
RICHARD LANSING, Appellant.

*Opinion filed September 23, 1966.*

WILLIAM C. IVES, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ALBERT J. ARMONDA, Assistant State's Attorneys, of counsel), for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On April 22, 1959, the petitioner, Richard Lansing, pleaded guilty in the criminal court of Cook County to a charge of murder and was sentenced to the penitentiary for a term of life imprisonment. On October 15, 1964, a petition under the Post-Conviction Hearing Act was filed in the trial court. No hearing was held on the merits of the

petition and it was dismissed on the State's motion on the ground that it was not filed within the time required by law. The petitioner has appealed from the order of dismissal.

At the time the petition was filed and at the time of the order dismissing the petition the relevant portion of the statute provided as follows (Ill. Rev. Stat. 1963, chap. 38, par. 122—1): "No proceedings under this Article shall be commenced more than 5 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." The petitioner's first argument is that he was not guilty of culpable negligence and that, therefore, the five-year limitation period is not applicable. We have examined the original petition and find that it contains no allegations attempting to explain the delay in filing the petition. At the hearing, which was held almost a month after the motion to dismiss was filed, counsel for the petitioner did not request leave to amend the petition so as to allege any such facts. The burden is on the petitioner to allege facts excusing the delay in filing and in the absence of any such allegations there was no question of lack of culpable negligence before the trial court and this question is not properly before us on review. The first allegations dealing with this question were made in a petition for a writ of error where it was claimed that petitioner was not guilty of culpable negligence because he had been raised in an orphanage and did not finish the sixth grade in school and was not familiar with the law. Even if these allegations could properly be considered we are of the opinion that they are insufficient to demonstrate a lack of culpable negligence.

The petitioner's second claim is that a 1965 amendment to the act, increasing the time for filing a petition to twenty years, should be applied retroactively. The act as amended provides as follows (Ill. Rev. Stat., 1965, chap. 38, par. 122—1): "No proceedings under this Article shall be com-

menced more than 20 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." The question of whether an amendment to a limitations statute should be applied retroactively has frequently received consideration by us. In *Orlicki* v. *McCarthy,* 4 Ill.2d 342, we thoroughly reviewed the earlier cases and held that an amendment reducing the time for filing an action under the Dram Shop Act was retroactive and applied to a cause of action which had accrued prior to the time of the amendment. In that case the fatal accident occurred on July 10, 1949, and at that time an action could be brought within five years. The act was amended on August 10, 1949, to provide for a two-year limitation period. The action was filed September 27, 1951, within the five-year period but past the two-year period. We held that the language of the amendment indicated that the legislature intended that the act be applied retroactively and also pointed out that the amendment was procedural in character. On these grounds we held that the cause of action was barred by the two-year limitation period. While the amendment in the present case might be considered in a sense procedural and thus subject to the rule in *Orlicki* and the exemption in the savings statute (Ill. Rev. Stat. 1965, chap. 131, par. 4), the situation here is far different from that in *Orlicki.* There the cause of action had not been barred at the time of the amendatory act and under the facts of that case almost two years remained of the reduced limitation period within which an action could be filed. It was therefore reasonable to suppose that the legislature intended that the procedure in cases such as *Orlicki* should be governed by the amendment. Here, the action had been barred under the law in effect at the time the petition was filed and at the time of the order of dismissal. The limited question with which we are here presented is whether the amendatory act of 1965 operated to revive a cause of action which had been not only barred by the lapse of time

but as to which a judicial determination, correct at the time it was entered, had been made confirming that it was barred. In an annotation in 67 A.L.R. 297, it is stated at p. 298: "In most jurisdictions the general rule is laid down, without exception or qualification, that, after an action has become barred by an existing Statute of Limitations, no subsequent legislation will remove the bar or revive the cause of action."

In *Board of Education* v. *Blodgett,* 155 Ill. 441, an action purporting to extend a statute of limitations for the recovery of money paid to a school district for bonds was held invalid where the action had been barred by a previous statute of limitations prior to the amendment. The decision in that case was predicated upon the proposition that the completed bar of a statute of limitations is a vested right which could not be destroyed by legislation. We need not go so far in the present case.

In determining the intent of the legislature we find the following language of Justice Cardozo in *Hopkins* v. *Lincoln Trust Co.* 233 N.Y. 213, 135 N.E. 267, persuasive: "The power thus to revive has been upheld in some jurisdictions [citing cases]. In others it has been denied or doubted. [Citing cases.] In our own state there are conflicting dicta. [Citing cases.] A decision of the case before us does not compel a choice between them. Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic."

We find nothing in the language of the amendment indicating an intent on the part of the legislature to revive an action which had been previously barred, and in our opinion the amendment of 1965 can not be applied to the petitioner's cause of action.

The order of the circuit court of Cook County dismissing the petition is affirmed.

*Order affirmed.*