THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARL ROBINSON, Defendant-Appellant.

Fourth District   No. 4—85—0087

Opinion filed January 9, 1986.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, the defendant was convicted of the April 1968 murder of a cab driver and was sentenced to 50 to 100 years' imprisonment. He appealed directly to the Illinois Supreme Court and his conviction was affirmed. (*People v. Robinson* (1974), 59 Ill. 2d 184, 319 N.E.2d 772.) On January 29, 1985, defendant filed a *pro se* petition for a post-conviction relief, alleging (1) he had been denied effective assistance of counsel, as his attorney had refused to investigate the crime or call "the one witness who would or could free me"; (2) his attorney had refused to request a change of judge, although defendant had produced proof that the judge had been a member of the John Birch Society; (3) the trial court erred in not instructing the jury on the offenses of involuntary manslaughter or manslaughter; and (4) the trial court erred in not "letting the jury know" that all of the State's witnesses were in the same street gang. Defendant further stated he was indigent and requested the appointment of counsel to represent him in post-conviction proceedings. On January 30, 1985, the circuit court filed its order dismissing the petition, stating it had reviewed the petition, the record in the cause, and the supreme court's opinion in *Robinson*. The circuit court found that the petition was not timely filed, and no facts were alleged which tended to show the delay was not due to defendant's culpable negligence (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1); and further, having examined the record, that the allegations of the petition were patently without merit (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)). Defendant appeals from the order of the circuit court dismissing his petition for a post-conviction relief.

Defendant first argues that the court erred in dismissing his post-conviction petition on the basis that it was not timely filed, because it was filed within the statute of limitations in effect at the time of his conviction. The defendant was sentenced in November 1968, at which time there was a 20-year statute of limitations for filing post-conviction claims. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1.) This period was shortened to 10 years by Public Act 83—693, which took effect January 1, 1984. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1; 1983 Ill. Laws 4404, 4405.) The defendant argues

that the amendment cannot be applied retroactively so as to extinguish his right of action, and that his petition, filed more than 16 years after the judgment of conviction and more than one year after the effective date of the amendment, was timely filed under the applicable 20-year limitation.

This amendment was not the first change of the statutory limitation for the filing of petitions for post-conviction relief. The supreme court reviewed the history of the limitation in *People v. Reed* (1969), 42 Ill. 2d 169, 171, 246 N.E.2d 238, 239:

"In 1963 the statute was amended and renumbered, with the adoption of the revised Code of Criminal Procedure, as section 122—1 *et seq.* of chapter 38. The legislature at that time deleted the alternative time limitation of 3 years from the statute which had been in effect since 1949. In 1965 the statute was again modified. At the time of the filing of the petition in this case the statute read as follows: 'No proceeding under this Article shall be commenced more than 20 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.' Ill. Rev. Stat. 1965, ch. 38, par. 122—1."

The supreme court has considered the question of retroactivity of the statutory limitation for the filing of post-conviction petitions in *People v. Reed* (1969), 42 Ill. 2d 169, 246 N.E.2d 238, *People v. Lansing* (1966), 35 Ill. 2d 247, 220 N.E.2d 218, and *People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794. In those cases, the statutory limitation had been *extended*, rather than reduced as here, and the petitioners argued that the longer time for filing a petition for relief should be applied retroactively so as to permit their petitions.

In *People v. Lansing* (1966), 35 Ill. 2d 247, 220 N.E.2d 218, the court looked to its earlier decision in *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, wherein an amendment *reducing* the time for filing an action under the Dramshop Act was held retroactive and applied to a cause of action which had occurred prior to the time of the amendment. In *Orlicki*, the court held that the language of the amendment indicated that the legislature intended that the act be applied retroactively and also pointed out that the amendment was procedural in character; on these grounds, it was held that the cause of action was barred by the two-year limitation. In *Orlicki*, the cause of action had not been barred at the time of the amendatory act and under the facts of that case almost two years remained of the reduced limitation period within which an action

could be filed; the *Lansing* court stated that it was therefore reasonable to suppose that the legislature intended that the procedure in cases such as *Orlicki* should be governed by the amendment. By contrast, the petition for post-conviction relief before the court in *Lansing* had been barred under the law in effect at the time the petition was filed and at the time of the order of dismissal. In affirming the order of the circuit court dismissing the petition, the *Lansing* court reasoned that after an action had become barred by an existing statute of limitations, no subsequent legislation could remove the bar or revive the cause of action, as revival is an extreme exercise of legislative power, and the will to work it is not to be deduced from words of doubtful meaning.

In *People v. Reed* (1969), 42 Ill. 2d 169, 246 N.E.2d 238, the court found that the 1965 amending language did not revive the petitioner's right to file his post-conviction petition, nor did it create a new right which would apply in his case. In view of the complete absence of any factual allegations tending to show that failure to file the petition was not the result of the petitioner's culpable negligence, the court held that the petition was not timely filed and, accordingly, affirmed the order of the circuit court dismissing it.

In *People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794, the defendant similarly argued for a retroactive application of the 20-year limitation period to his petition, rather than the five-year limitation in effect when he was convicted and sentenced. In rejecting the defendant's argument, the *Thomas* court stated:

"From the language employed and the manner of employment, it is clear that the provision for a 20-year period of limitation was intended to relate only to the commencement of a post-conviction proceeding, and was not intended to relate back or have reference to the language which established the persons eligible to avail themselves of the remedy. Furthermore, in both the 1965 amendment and prior thereto, the legislature, in plain and unambiguous terms, has consistently conditioned the commencement of a post-conviction proceeding upon the filing of a petition within a limitation period measured, not from the date of incarceration in the penitentiary, but from the date of rendition of final judgment. (See: *People v. Rose*, 43 Ill. 2d 273.) Having thus specifically provided, the legislature could not have intended to relate the period of limitation to the period of imprisonment as defendant contends." (45 Ill. 2d 68, 72-73, 256 N.E.2d 794, 796-97.)

The *Thomas* court further rejected the defendant's argument that

legislative intent to give the 20-year period retroactive effect could be derived from the benevolent and remedial purpose of the Post-Conviction Hearing Act.

The Illinois Supreme Court recently considered the effect to be given amendments shortening a statute of limitations in *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408, holding that since the statute, applied retroactively, instantaneously barred the plaintiffs' causes of action on the effective date of the amendment to the statute of limitations, the circuit court should have determined whether these actions were filed within a reasonable time after the effective date of the amendment. *Moore* referred to the court's earlier decisions as follows:

"In *Hupp v. Gray* (1978), 73 Ill. 2d 78, this court stated, 'Also, as was held in *Orlicki*, an amendment to a limitation statute shortening the period within which an action must be filed will be applied retroactively to actions not as yet commenced, *provided there is a reasonable time after the effective date of the amendment within which to bring the action.*' (Emphasis added.) 73 Ill. 2d 78, 83, citing *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359.

&#42; &#42; &#42;

The *Orlicki* case is clearly distinguishable from the instant cases for two reasons. First, these plaintiffs' actions are negligence actions which sound in tort and were recognized at common law; they are not statutorily created remedies. Second, in the *Orlicki* case, the plaintiffs had two years after the effective date of the amendment of the Liquor Control Act in which to bring their action. In *Orlicki*, this court stated, '[I]t is our judgment that the time limitation amendment [of the Liquor Control Act] should be retroactively applied, on the ground that the legislature so intended, and that it is procedural in character.' (4 Ill. 2d 342, 354.) The intention of the legislature as to the applicability of the 1976 amendment to section 21.1 will be discussed later in this opinion. 'Changes in procedure or existing remedies will not be applied retrospectively, however, where a vested, constitutionally protected right will be deprived by such application.' (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, citing *Hogan v. Bleeker* (1963), 29 Ill. 2d 181.)" (95 Ill. 2d 223, 230-31, 447 N.E.2d 408, 410-11.)

We conclude that the same reasoning applies here.

First, in *Lansing*, our supreme court stated that *the amendment*

*to the limitations period for filing post-conviction claims might be considered in a sense procedural* and thus subject to the rule in *Orlicki* and the exemption in the savings statute (Ill. Rev. Stat. 1965, ch. 131, par. 4; see Ill. Rev. Stat. 1983, ch. 1, par. 1103). (*People v. Lansing* (1966), 35 Ill. 2d 247, 249, 220 N.E.2d 218, 219-20.) Second, clearly, the procedures set forth in article 122 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 122—1 through 122—8), providing for post-conviction proceedings, are statutorily created remedies, and do not derive from the common law. Third, although article VI of the Illinois Constitution of 1970 permits for direct review of criminal conviction (Ill. Const. 1970, art. VI, secs. 4, 6), the State constitution does not require the provision of post-conviction proceedings. These proceedings are, rather, a matter of legislative grace and favor which may be altered by the legislature at will; hence, the defendant had no accrued rights. (*Cf. People v. Warr* (1973), 54 Ill. 2d 487, 493, 298 N.E.2d 164, 167, and *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144, 1147 (right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by legislature at will, and to which defendant had no accrued right).) Moreover, this petition was not filed until more than a year after the effective date of the amendment, and none of its allegations suggest any explanation for the delay; the case law does not suggest that such a period of unexplained delay brings the petition within the "reasonable time after the effective date of the amendment within which to bring the action," as referenced in *Moore.*

For these reasons, we affirm the dismissal of the petition as untimely. In view of our resolution of this issue, we need not discuss other issues raised by the defendant.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.