James **BARKSDALE**, Petitioner–Appellant,

v.

Michael P. **LANE**, Respondent–Appellee.

No. 89–3705.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1991.

Decided Feb. 27, 1992.

Order on Denial of Rehearing
April 28, 1992.

Mark Kerber (argued), Sidley & Austin, Chicago, Ill., for petitioner-appellant.

Thomas L. Ciecko, Deputy Atty. Gen., Office of the Atty. Gen., Crim. Appeals Div., Chicago, Ill., for respondent-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

RIPPLE, Circuit Judge.

In 1989, James Barksdale brought a habeas corpus petition pursuant to 28 U.S.C. § 2254 to attack collaterally his 1972 state conviction for rape, deviate sexual assault, and aggravated kidnapping. The district court dismissed Mr. Barksdale's petition on the ground of procedural default. For the reasons set forth in this opinion, we affirm.

## I

## BACKGROUND

A. *Underlying Conviction and Earlier Procedural History*

We review the complex procedural history of Mr. Barksdale's case in detail because that history affects the outcome of this appeal. In 1972, Mr. Barksdale was convicted in Illinois state court of rape, deviate sexual assault, and aggravated kidnapping. An Illinois intermediate appellate court affirmed. *People v. Barksdale,* 24 Ill.App.3d 489, 321 N.E.2d 489 (1974). While his ap-

peal was still pending in state court, Mr. Barksdale made his first attempt to challenge his state conviction in federal court by bringing a civil rights suit against his attorney and the judge who had presided at his trial. *See Barksdale v. Ryan,* 398 F.Supp. 700 (N.D.Ill.1974), *aff'd,* 511 F.2d 1405 (7th Cir.), *cert. denied,* 422 U.S. 1011, 95 S.Ct. 2637, 45 L.Ed.2d 676 (1975). The district court dismissed the suit, holding that Mr. Barksdale's suit was an impermissible attempt to "utilize federal civil rights law to bypass the procedural requirements of habeas corpus law.... Plaintiff must exhaust his state judicial remedies before receiving habeas consideration from this court." *Id.* at 702. Mr. Barksdale then filed the first of a series of habeas corpus petitions. In 1978, this court affirmed the denial of what apparently was his first petition.[1] *See United States ex rel. Barksdale v. Sielaff,* 585 F.2d 288 (7th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2409, 60 L.Ed.2d 1067 (1979). The court rejected Mr. Barksdale's speedy trial claim and his challenge to certain evidentiary rulings by the state trial court. *Id.* at 290–91, 293–94. In addition, the court held that *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), required dismissal of Mr. Barksdale's claim that his arrest and the search of his car violated the Fourth Amendment because he had had a full and fair opportunity to litigate that claim in the state courts. *Id.* at 292–93. Mr. Barksdale again sought habeas relief in 1979, contending that he had received ineffective assistance of counsel in his appeal. The district court dismissed that petition for failure to exhaust state remedies.

In 1983, Mr. Barksdale brought two more habeas actions, both of which challenged the denial of his parole requests, rather than his underlying convictions. On April 14, 1983, the district court dismissed the first of these petitions without preju-

---

1. Even though the record has been supplemented by respondent in response to the panel's request at oral argument, it remains unclear whether Mr. Barksdale has challenged his 1972 conviction in five or six habeas petitions. The confusion results from the fact that Mr. Barks-

dale was convicted again of rape and deviate sexual assault in 1973, and some of these earlier petitions involved his 1973 conviction as well as the 1972 conviction at issue here, and one of them may have involved only the 1973 conviction.

dice for failure to exhaust state remedies.[2] By the time Mr. Barksdale brought his second 1983 petition, he apparently had sought the state mandamus remedy available in Illinois. However, the district court dismissed his petition on June 18, 1984, on the ground that the state case was still pending when he filed the petition.[3]

Meanwhile, in January 1985, Mr. Barksdale filed a pro se post-conviction petition in state court challenging his 1972 judgment of conviction as well as a 1973 judgment of conviction for a separate incident of rape and deviate sexual assault. Regarding the former judgment, which is the only one at issue in this appeal, Mr. Barksdale apparently raised issues of ineffective assistance of trial and appellate counsel, illegal search and seizure, unduly suggestive pretrial identification, and denial of his right to a trial by a jury of his peers. *People v. Barksdale*, No. 1–85–1785, Order at 3 (Ill.App.Ct. Aug. 18, 1988) [172 Ill. App.3d 1165, 136 Ill.Dec. 574, 544 N.E.2d 1349 (table) ].[4] The state court dismissed that petition in June 1985 as barred by the state's ten-year limitation period for filing post-conviction challenges.[5] That limitation period originally was only five years, but was increased to twenty years in 1965 and then decreased to ten years effective January 1, 1984.[6] Mr. Barksdale appealed the dismissal of his 1985 petition to state appellate court, which affirmed the dismissal in 1988. *People v. Barksdale*, No. 1–85–1785, Order [172 Ill.App.3d 1165, 136 Ill.Dec. 574, 544 N.E.2d 1349 (table) ] (Ill. App.Ct. Aug. 18, 1988). The Illinois Supreme Court denied leave to appeal.

### B. *District Court 1989 Habeas Proceedings*

Mr. Barksdale then filed the federal habeas petition that is the subject of this appeal. Mr. Barksdale challenged his 1972 conviction on grounds of illegal search and seizure and ineffective assistance of appellate counsel. He also argued that retroactive application of the shortened statute of limitation, without allowing him an opportunity to show a lack of culpable negligence, was an unconstitutional deprivation of due process. The district court held that *Stone v. Powell* precluded it from directly considering the search and seizure issue. The district court then turned to the question of whether Mr. Barksdale's failure to bring a timely post-conviction petition in state court was a procedural default barring federal review of Mr. Barksdale's claim of ineffective assistance of counsel. The court held that there was no due process violation in retroactively applying the shorter statute of limitations.[7] It also held that Mr. Barksdale had procedurally defaulted his ineffective assistance of counsel claim and had not shown cause to excuse his default:

> Although the federal petitions were dismissed no later than 1983, Barksdale waited until January 1985 to file his state post-conviction petition. Barksdale gives no explanation for the delay. Barksdale, therefore, has failed to show cause for not timely raising his ineffective assistance of counsel claims before the state courts. The claims are found to be waived.

Memorandum Opinion and Order, No. 89 C 4068 at 7, 1989 WL 135199 (October 31,

---

**2.** This court denied his application for a certificate of probable cause by unpublished order on August 15, 1984.

**3.** Once again, this court denied his request for a certificate of probable cause by unpublished order dated June 16, 1986.

**4.** The Illinois court inadvertently listed these issues as challenges to the 1973 judgment; however, it is quite clear that they relate to the 1972 judgment.

**5.** *See* Ill.Ann.Stat. ch. 38, ¶ 122–1 (Smith–Hurd 1990) ("No proceedings under this Article shall

be commenced more than 10 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.").

**6.** *See* Ill.Ann.Stat. ch. 38, ¶ 122–1 (Smith–Hurd 1990) (Historical and Statutory Notes). Effective January 1, 1992, the limitation period is three years. *See* Ill.Ann.Stat. ch. 38, ¶ 122–1 (Smith–Hurd Supp.1991) (citing P.A. 86–1210, § 2).

**7.** This holding is not challenged in this appeal, and we therefore do not discuss the issue further.

1989). The district court therefore dismissed Mr. Barksdale's habeas petition. This appeal followed.

## II

## ANALYSIS

### A. *Procedural Default* [8]

As a general rule, federal district courts may not reach the merits of a habeas petition challenging a state conviction if the "state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). In this appeal, it is undisputed that the Illinois courts based their refusal to reach the merits of Mr. Barksdale's 1985 post-conviction petition on the *independent* state ground of his failure to file within the time period permitted by the amended version of paragraph 122–1. However, Mr. Barksdale contends that the dismissal of his state petition did "not provide an 'adequate' basis for the district court to abstain from habeas corpus review" because, at the time he filed the state petition, Illinois courts had not determined the retroactivity of the shortened statute of limitation. Appellant's Br. at 9. Only in 1986 did an Illinois court hold that the shortened period would be applied retroactively. *See People v. Robinson,* 140 Ill.App.3d 29, 94 Ill.Dec. 387, 487 N.E.2d 1264, 1267 (1986). That holding was adopted by the Illinois Supreme Court two years later in *People v. Bates,* 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227, 229 (1988).[9]

Failure to comply with state procedural rules, such as the statute of limitation involved in this case, provides an adequate basis for barring federal habeas relief "only if the state court acts in a consistent and principled way. A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir. 1990). Mr. Barksdale contends that, in early 1985, he could not expect that the amended version of paragraph 122–1 would be applied retroactively. When Illinois earlier had changed the limitation period from five to twenty years, Illinois courts had refused to apply the expanded period retroactively. *See, e.g., People v. Richeson,* 50 Ill.2d 46, 277 N.E.2d 134, 136 (1971). Nonetheless, Illinois courts long have distinguished between the non-retroactivity of lengthened statutes of limitation and the retroactivity of shortened statutes of limitation. *Compare id.* (nonretroactivity) *with Orlicki v. McCarthy,* 4 Ill.2d 342, 122 N.E.2d 513 (1954) (retroactively applying

---

**8.** We note that our analysis applies only to Mr. Barksdale's attempt to raise his ineffective assistance of counsel claim, not to his search and seizure claim. The district court dismissed Mr. Barksdale's search and seizure claim under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), just as we had earlier done in *United States ex rel. Barksdale v. Sielaff,* 585 F.2d 288, 290 (7th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2409, 60 L.Ed.2d 1067 (1979). Mr. Barksdale has not challenged the district court's judgment on that issue in this appeal.

We also note that the government did not raise, and we therefore do not reach, the issue of whether Mr. Barksdale's present petition was an abuse of the writ. *See McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

**9.** Mr. Barksdale also points out that in *People v. Robinson,* the Illinois court left open the possibility that a claim filed "within a reasonable time after the effective date of the amendment" might not be time-barred despite the shortened limitation period. 487 N.E.2d at 1266. However, in *Bates,* 529 N.E.2d at 230, the Illinois Supreme Court held that, because paragraph 122–1 itself permitted the limitation period to be excused if the petitioner could show that the delay was not due to "culpable negligence," this provision created a " 'safety valve,' unique to the Post Conviction Hearing Act, which acts as a substitute for the judicially imposed 'reasonable time' rule." Even though the availability of a "reasonable time" exception thus was *not* definitively determined until 1988, it is clear that a delay of more than one year from the effective date would not have been deemed "reasonable" by the Illinois courts. In fact, the *Robinson* court itself refused to apply the "reasonable time" exception to a delay of more than one year. 487 N.E.2d at 1267.

shortened statute of limitation under state Dramshop Act) *and Meegan v. Village of Tinley Park*, 52 Ill.2d 354, 288 N.E.2d 423, 426 (1972) (retroactively applying newly enacted limitation period to bar preexisting cause of action). Thus, the Illinois Supreme Court was not announcing a new, unexpected rule when it held that the shortened limitation period in· paragraph 122–1 was retroactive:

> [O]ur cases, and cases from other jurisdictions, have drawn a distinction between the revival of a cause of action by extending the statute of limitations, and cutting off a cause of action by shortening the limitation period. The denial of retroactive application in the former instance does not preclude such application in the latter.

*Bates*, 529 N.E.2d at 229. We therefore conclude that the retroactive enforcement of Illinois' amended limitation period by its state courts did not render the dismissal of Mr. Barksdale's petition an inadequate state ground for barring habeas review by the district court.

■ Mr. Barksdale also contends that the district court erred by dismissing his petition without examining the relevant state court records. Such review was necessary, he argues, to fulfill the district court's obligation to determine if the state findings merited a presumption of correctness under 28 U.S.C. § 2254(d). *See United States ex rel. Ballard v. Bengston*, 702 F.2d 656, 663 (7th Cir.1983); *United States ex rel. Jones v. Franzen*, 676 F.2d 261, 265 (7th Cir.1982). In particular, Mr. Barksdale asserts that, without the state court records, the district court was unable properly to determine whether the state court's finding that Mr. Barksdale "failed to show that the delay was not due to his negligence" was based on a "full and fair hearing resulting in findings supported by the record," as required by *Jones*, 676 F.2d at 264. If not based on a full and fair hearing, factual findings of the state court are not entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

Like the district court, we do not have before us the state court record in Mr. Barksdale's petition for post-conviction relief, and we do not know whether or not a hearing was held on the subject of culpable negligence. In his pro se habeas corpus petition in the district court, Mr. Barksdale said only that the state court had denied his post-conviction petition "without allowing the Prisoner to exhibit facts showing culpable negligence." R.1 at 5. In his pro se brief to the district court, Mr. Barksdale stated that "[w]hen petitioner attempted to raise the issue of culpable negligence due to his pending Federal petition before Judge McGarr, the State Court denied the Post Conviction without any hearing or ruling on the Post Conviction's issues." R.11 at 2.

■ Affirming the dismissal of Mr. Barksdale's post-conviction petition, the Illinois appellate court stated that the trial court had dismissed Mr. Barksdale's petition "on the basis that [it] had not been filed within 10 years of the judgments and that defendant failed to show that the delay was not due to his negligence." *People v. Barksdale*, Nos. 1–85–1785 & 1–85–1786, Order at 3 (Ill.App.Ct. Aug. 18, 1988) [172 Ill.App.3d 1165, 136 Ill.Dec. 574, 544 N.E.2d 1349 (table)]. The appellate court also found that "there was no showing that his delay was not due to his culpable negligence." *Id.* at 3–4. [172 Ill.App.3d 1165, 136 Ill.Dec. 574, 544 N.E.2d 1349 (table)]. These statements may mean that Mr. Barksdale made no allegations in his petition concerning culpable negligence, or that he made allegations, but these allegations, taken as true, did not show a lack of culpable negligence. In either of these cases, the petitioner is not entitled to a hearing on the facts—there is no factual dispute. The Supreme Court of Illinois has long held that the Illinois Post–Conviction Hearing Act places the burden on the petitioner to allege *in his petition* facts showing that the delay was not due to his culpable negligence. *See People v. Reed*, 42 Ill.2d 169, 246 N.E.2d 238 (1969); *People v. Lansing*, 35 Ill.2d 247, 220 N.E.2d 218, 219 (1966). Whether a petition alleges sufficient facts to show a lack of culpable negligence is a question involving the interpretation and application of state law. As we noted in *Williams v. Lane*, 826 F.2d 654, 659 (7th Cir.1987), "[a] federal court sitting in habe-

as corpus is required to respect a state court's finding of waiver or procedural default under state law. Federal courts do not sit to correct errors made by state courts in the interpretation and application of state law." *See also Coleman v. O'Leary,* 845 F.2d 696, 699–700 (7th Cir.), *cert. denied,* 488 U.S. 972, 109 S.Ct. 507, 102 L.Ed.2d 542 (1988).

■ However, there is a third possibility. Mr. Barksdale may be alleging that the state court's refusal to hear him on the issue of culpable negligence was so arbitrary that it cannot be the basis of procedural default. *See Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir.1990). The district court, not having the record, assumed in Mr. Barksdale's favor that Mr. Barksdale had "presented grounds for the delay, but that the state courts ignored them." Memorandum Opinion and Order, No. 89 C 4068 at 6 (October 31, 1989). Nonetheless, in examining the reasons put forth by Mr. Barksdale for his long delay, the district court found that with those reasons Mr. Barksdale had explained only why he waited until 1983, but that he had offered *no* explanation for the further delay from 1983 until 1985. Thus, the district court independently concurred in the ruling by the state courts that Mr. Barksdale had made no showing of a lack of culpable negligence.

We agree, although on a somewhat different basis.[10] After the 1979 dismissal of Mr. Barksdale's federal habeas petition for failure to exhaust state remedies, Mr. Barksdale did not again attempt to challenge his convictions until 1985, when he returned to the state court to commence the litigation presently under review. His 1983–84 federal habeas petitions, which he offers as an excuse for failing to commence the state post-conviction review, did not involve his 1972 conviction. They concerned denial of parole. Mr. Barksdale does not explain why he waited from 1979 until 1985 to raise his claim of ineffective appellate counsel in state court. That in 1983 and part of 1984 he was occupied in federal court with challenges to denial of parole cannot justify this long delay.

In fact, then, Mr. Barksdale offers no reasonable explanation for his long delay in seeking relief in state court against his convictions. Therefore, even if the state court did refuse to hear evidence of Mr. Barksdale's 1983–84 litigation, this refusal did not render its determination of procedural default any less correct. Indeed, Mr. Barksdale can point to no precedent in Illinois caselaw that would indicate that the facts he has alleged show a lack of culpable negligence.[11]

In short, the dismissal of Mr. Barksdale's untimely petition by the Illinois state courts rests on independent and adequate state procedural grounds.

### B. *Cause and Prejudice*

Mr. Barksdale also argues that, because he was proceeding pro se when he filed his state post-conviction petition, the district court should have applied the "deliberate bypass" test of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), rather than the "cause and prejudice" test of

---

**10.** The district court's ruling was based on a factual error. In his petition for habeas corpus, Mr. Barksdale did not inform the district court that one of his 1983 petitions was not terminated until June 1984, nearly six months after the effective date of the amendment to the Illinois Post–Conviction Hearing Act. That information was included only in his brief. However, as we note below in our discussion, Mr. Barksdale's 1983 and 1984 federal habeas litigation did not concern his convictions, as the district court believed, but rather denial of parole.

**11.** We note that Illinois courts have construed this exception to the limitations period very narrowly; in fact, "during the more than forty years since the provision was included, the Illinois courts have failed to produce even a single

published opinion in which the court found a lack of culpable negligence." *Harris v. DeRobertis,* 932 F.2d 619, 622 (7th Cir.1991); *see also People v. Bates,* 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988). Accordingly, we have held that a petitioner for federal habeas corpus relief who had not filed a petition for post-conviction relief in Illinois state courts and whose petition there would be untimely under paragraph 122–1 need not return to state court to file an untimely post-conviction petition on the chance that he could show a lack of culpable negligence. *Harris,* 932 F.2d at 623–34. Instead, such a petitioner is held to have exhausted his state remedies and to be barred from federal relief by his procedural default unless he can demonstrate "cause and prejudice."

*Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Finally, he contends that, even if the latter test is applied, the "cause" element should be applied less stringently in cases involving pro se litigants.

Mr. Barksdale's contention that the deliberate bypass test should apply to his case was foreclosed when the Supreme Court overruled *Fay v. Noia* shortly after we heard oral argument in this case. In *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), the Court made clear that the cause and prejudice test applies to all state procedural defaults:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Fay* was based on a conception of federal/state relations that undervalued the importance of state procedural rules. The several cases after *Fay* that applied the cause and prejudice standard to a variety of state procedural defaults represent a different view. We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States

that results from the failure of federal courts to respect them.

*See also Caswell v. Ryan*, 953 F.2d 853, 861 n. 7 (3rd Cir.1992); *Andrews v. Deland*, 943 F.2d 1162, 1189 n. 41 (10th Cir. 1991); *Farrell v. Lane*, 939 F.2d 409, 411–12 (7th Cir.1991) (applying cause prong of cause and prejudice test in case involving pro se post-conviction petition), *cert. denied*, —— U.S. ——, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991).[12]

■ The Supreme Court has defined "cause" as some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).[13] Mr. Barksdale contends, however, that, if he is required to show cause and prejudice, a less stringent definition of cause is appropriate for pro se litigants. This contention is unavailing, for "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 111 S.Ct. at 2566 (citing cases).[14] " '[T]hus, a petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim." ' " *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir.1990) (quoting *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir.1990) (quoting *Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir. 1989)), *cert. denied*, —— U.S. ——, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990)); *see also McCoy v. Newsome*, 953 F.2d 1252 (11th Cir.1992)

**12.** In light of these recent cases, it is clear that the dictum in *Buelow v. Dickey*, 847 F.2d 420, 429 (7th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989), distinguishing counseled and *pro se* litigants in this regard, is not the law in this circuit. *Cf. United States ex rel. Hopkins v. Peters*, No. 88 C 4050, 1989 WL 36222 at \*3 (N.D.Ill. Apr. 12, 1989) (applying cause and prejudice test, but noting, "where Petitioner is appearing *pro se*, we hesitate to rely on cause and shall go on to consider whether Petitioner can show actual prejudice"), *aff'd without published opinion*, 909 F.2d 1486 (7th Cir.1990).

Even prior to the Supreme Court's recent decision overruling *Fay*, several circuits had held that the cause and prejudice test applies to pro se litigants. *See Ellis v. Lockhart*, 875 F.2d 200, 202 (8th Cir.1989); *Alexander v. Dugger*, 841 F.2d 371, 374 n. 3 (11th Cir.1988); *Hughes v.*

*Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir.1986).

**13.** Although it is not relevant here, the Supreme Court also noted:

> Similarly, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). Ineffective assistance of counsel, then, is cause for a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

**14.** *Accord Prihoda v. McCaughtry*, 910 F.2d 1379, 1386 (7th Cir.1990).

("status as a pro se petitioner, standing alone, cannot be considered when determining whether he has shown cause for the default").[15]

Because we conclude that Mr. Barksdale has not shown cause for his procedural default, we need not consider the prejudice prong of the cause and prejudice test.[16] *See Henderson*, 919 F.2d at 1273.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

## ORDER

April 28, 1992.

The petition for rehearing is DENIED.

One matter need be noted. The appellant claims that this court affirmed the judgment of the district court "without any discussion of 'the reasonable time' rule whatsoever." Petition at 3. This matter was discussed explicitly at footnote 9 of the court's opinion.

15. *See also McKinnon v. Lockhart*, 921 F.2d 830, 832–33 n. 5 (8th Cir.1990) (*"pro se* status and lack of familiarity with the intricacies of the law cannot alone constitute cause"), *cert. denied*, —— U.S. ——, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) ("When a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court.").

16. We are presented with no reason to conclude that Mr. Barksdale's 1972 conviction was "a fundamental miscarriage of justice," *Coleman*, 111 S.Ct. at 2565, and we thus are not free to ignore his procedural default on that ground.