Justina **FIGUEROA ECHEVARRIA,** et al., Plaintiffs,

v.

Miguel **RIVERA GARCIA,** et al., Defendants.

Civil No. 96–1432(SEC).

United States District Court, D. Puerto Rico.

Sept. 9, 1997.

Judith Berkan, Rio Piedras, PR, Maria H. Sandoval, Santurce, PR, for Plaintiffs.

Luis F. Del–Valle–Emmanuelli, Dept. of Justice, Federal Litigation Division, San Juan, PR, Arturo Aponte–Pares, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendants' separate motions to dismiss and/or for summary judgment (**Docket ## 9, 10, 11, 14, 18**), which were duly opposed (**Docket # 21**). Defendants essentially aver that the above-captioned matter should be dismissed on the following grounds: (1) absolute and/or qualified immunity; and (b) failure to state a claim upon which relief may be granted. Upon careful examination of the relevant facts, the applicable law, and the arguments advanced by both parties, the Court holds that defendants' motions should be **GRANTED.**

### Motion to Dismiss Standard

In *Iacampo v. Hasbro, Inc.*, 929 F.Supp. 562 (D.R.I.1996), a federal district court cogently held that, "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." *Id.* at 567. *See also Guckenberger v. Boston University*, 957 F.Supp. 306, 313 (D.Mass.1997).

Indeed, Rule 12(b)(6) motions have no purpose other than to "test the formal sufficiency of the statement of the claim for relief ... [They are not, however,] a procedure for resolving a contest about the facts or the merits of the case." 5A Wright & Miller, *Federal Practice & Procedure,* § 1356, at 294 (2d ed.1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement ... showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed.R.Civ.P. 8(a). *See also Federal Practice and Procedure, supra* at 296; *Podell v. Citicorp Diners Club, Inc.,* 859 F.Supp. 701 .(S.D.N.Y.1994). It is the moving party which

has the burden of proving that no claim exists. *Federal Practice and Procedure, supra* at 115 (1996 Supp.). *See also Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F.Supp. 1050 (S.D.N.Y.1994).

■ In determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat her allegations as though they were true. *Federal Practice and Procedure, supra* at 304. See also *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254 (1st Cir.1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Wyatt v. City of Boston*, 35 F.3d 13 (1st Cir.1994); *Schroeder v. De Bertolo*, 879 F.Supp. 173 (D.Puerto Rico, 1995). Courts are not, however, required to "accept every allegation made by the complainant no matter how conclusory or generalized." *U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992).

**Procedural Background**

As stated in the complaint, this is an action for money damages arising from tortious conduct, as well as the violation of Jesús Ríos Quiñones' constitutional rights.[1] On June 13, 1984, Ríos Quiñones was convicted of murder in the first degree for the murder of José Treviño, and sentenced to serve up to ninety-nine years in prison.[2] On June 20, 1985, the Supreme Court of Puerto Rico affirmed his conviction.

Having failed at his attempt to overturn his conviction, Ríos submitted a motion for new trial pursuant to Rule 192.1 of the Puer-

to Rico Rules of Criminal Procedure.[3] In this motion, he essentially alleged that he had uncovered new evidence which attested to his innocence and which proved that Miguel Rivera García had fabricated the homicide case against him. After conducting a full-blown hearing, however, the Superior Court denied his motion. Ríos did not appeal from this order.

Subsequently, Ríos filed a habeas corpus petition in this Court. Nevertheless, he died on April 11, 1995 and on September 25, 1995, Judge Héctor Laffitte dismissed his habeas corpus petition.[4] Plaintiffs thus filed the instant petition for § 1983 relief.

**Applicable Law/Analysis**

Since we believe that defendants' argument that plaintiffs' complaint fails to state a claim upon which relief may be granted is dispositive of the instant matter, we will not delve into the question of whether defendants are protected by the mantle of absolute and/or qualified immunity.

In the landmark case of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

**1.** Since Ríos died while in prison, Ms. Justina Figueroa–Echevarría, Rios' ex-wife; and their children, Denisse Rios–Figueroa, and Jesús Xavier Ríos–Figueroa, submitted the complaint as heirs and in their own right. Rios' sister and her husband also joined them as plaintiffs.

**2.** Also convicted were co-defendants David Carrión Ramos and Rafael Méndez Kercadó.

**3.** Rule 192 holds, in pertinent part, that "[t]he court may in like manner and at the request of the defendant grant a new trial if after the sen-

tence is pronounced new facts or new evidence are found of a nature tending to establish defendant's innocence."

**4.** *See Carrión Ramos, et al. v. Rivera, et al.*, 94–2362(HL). Rios–Quiñones was not, however, the only plaintiff in this § 2254 petition; David Carrión Ramos, one of his co-defendants, joined him as well. Nevertheless, the government ultimately filed a motion to dismiss Carrión's petition, which the Court granted on February 26, 1996. This decision is currently on appeal.

512 U.S. at 486–87, 114 S.Ct. at 2372. The Court further explained that this requirement went beyond the mere exhaustion of all available remedies, and held that it was rather a condition precedent to a cognizable § 1983 claim. *Id.* at 487–89, 114 S.Ct. at 2373.[5] *See also Edwards v. Balisok,* —— U.S. ——, ——, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997). Thus, it concluded that, once a district court determines that a judgment· in favor of plaintiff would necessarily imply the invalidity of his conviction, "the complaint [will have to] be dismissed unless the plaintiff [can] demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S.Ct. at 2372. *See also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) ("[s]uch an action, if brought prior to invalidation of the conviction or sentence challenged, [would] therefore [have to] be dismissed as premature.").

As stated previously, in June of 1984, plaintiff and his two co-defendants, David Carrión–Ramos and Rafael Méndez–Kercadó, were convicted of first degree murder. Their conviction was affirmed in June of 1985. Subsequently, in 1987, Ríos joined Carrión–Ramos and Méndez–Kercadó's motion for a new trial under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure.

In their motion, all three co-defendants alleged that the murder had been committed by four other individuals, including the nephew of the prosecutor who had tried their case; that the prosecutor had been aware of his nephew's involvement in the murder and that he even took money from his nephew; that one of the witnesses in the trial had falsely testified against them; that the prosecutor had threatened defense witnesses; and that as a result of the foregoing, the co-

defendants had been denied a fair trial and due process.[6]

In March of 1988, the Superior Court held a hearing on this matter and, in a lengthy ruling from the bench, found that the evidence lacked credibility, and that the evidence of prosecutorial misconduct in particular was insufficient to warrant the ordering of a new trial. None of the co-defendants appealed from this order.

Finally, in 1989, Carrión–Ramos, one of Ríos co-defendants, filed a habeas corpus petition in federal court. Ríos later joined Carrión's petition. After overcoming various procedural hurdles, the petitioners filed a motion stating that until November of 1993, they had been unable to present sufficient evidence to support their petition, but that the situation dramatically changed when they found an individual who claimed to have knowledge that they were innocent. This individual had not appeared in petitioner's Rule 192.1 motion. Shortly thereafter, however, defendants filed their motion to dismiss.

In a thorough opinion and order, the district court granted defendants' motion.[7] Judge Laffitte noted that petitioner could not be entitled to relief under 28 U.S.C. § 2254 unless he had exhausted his state court remedies, and upon evaluating the evidence, concluded that Carrión had failed to do so. The Court's conclusion was essentially based on the fact that the evidence which Carrión had presented in federal court would have placed his previous state claim in a significantly different and stronger light, and this fact alone was sufficient to render his case unripe for adjudication.[8] Thus, the Court concluded that it had to dismiss the habeas petition

---

**5.** The Court underscored this distinction by stating that:

> [e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.... [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id.* at 489, 114 S.Ct. at 2373–74. *See also Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994).

**6.** *See* Judge Laffitte's Opinion and Order in the case of *Carrión Ramos v. Jaime Rivera,* 94–2362(HL).

**7.** By the time the Court was placed in a position to entertain this motion, Ríos was already dead. Thus, the merits of the motion solely addressed the merits of Carrión's petition.

**8.** Opinion and Order, at 7, *citing Aiken v. Spalding,* 841 F.2d 881, 883 (9th Cir.1988).

without prejudice so that the new evidence could be presented to the state court.[9]

In the alternative, the Court noted that, unless Carrión could show cause and prejudice for his procedural default, his failure to comply with state procedural rules (appealing from the Rule 192.1 order) would have also proven fatal to his subsequent § 2254 petition.[10] Upon examining petitioner's arguments, the Court concluded that Carrión had failed to comply with this showing, and held that his failure to appeal the motion for new trial—even though the appeal was not one of right—was fatal to his § 2254 claim.[11] The Court further noted that petitioner's claim that the exhaustion of remedies would have been wasteful, or that he had appeared pro se, did not create an exception to this requirement.[12] Carrión appealed from this order on January 1, 1997.

■ Based on the foregoing, we cannot but conclude that petitioners do not have a cognizable § 1983 claim—be it for malicious prosecution or for any other cause of action.[13] It seems clear that what plaintiffs are ultimately seeking is that the Court declare that Ríos' conviction was invalid or fraudulently obtained. It is also clear that plaintiffs have been unable to demonstrate that Ríos' conviction was successfully invalidated. The *Heck* opinion does not seem to create any exceptions to this rule, or provide for a more lenient application of its contents should the convict die while awaiting a court decision.

Nevertheless, assuming *arguendo,* that an exception to the *Heck* rule did exist for this type of situation, we would similarly conclude that plaintiffs' claim was untimely. Although it is true that the reason why Rios' habeas corpus petition was dismissed was that he died, it is also true that his co-defendant and joint petitioner's claim was dismissed for his failure to exhaust all available state remedies. Given the grounds which the Court stated for its dismissal, it would not far-fetched to conclude that, had Ríos not passed away, his habeas petition would have probably been dismissed as well.

The preceding facts force us to conclude that this case should be dismissed without prejudice, as it was untimely filed. Notwithstanding the foregoing, we would venture to declare that should Ríos' co-defendant manage to secure a new trial as a result of a renewed Rule 192.1 motion, and the new trial were to determine that his conviction was indeed fraudulent, plaintiffs might be able to—with the evidence of an overturned conviction—successfully bring this § 1983 action.

Defendants' separate motions to dismiss (**Docket ## 9, 10, 11, 14, 18**), are hereby **GRANTED.** Judgment shall be entered accordingly.

**SO ORDERED.**

---

9. Opinion and Order, at 7–8.

10. Opinion and Order, at 10.

11. Opinion and Order, at 11, *citing Jennison v. Goldsmith,* 940 F.2d 1308, 1310–12 (9th Cir. 1991).

12. Opinion and Order, at 11, *citing Martens v. Shannon,* 836 F.2d 715, 717–18 (1st Cir.1988); *Barksdale v. Lane,* 957 F.2d 379, 385–86 (7th Cir.1992).

13. Plaintiffs' contention that even if this court were to dismiss their malicious prosecution claim, it could not dismiss the remaining nine claims, is misplaced. The *Heck* decision clearly addresses actions "to recover damages for an alleged unconstitutional conviction ... *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid* ..." 512 U.S. at 486, 114 S.Ct. at 2372 (Emphasis ours).