Roger R. HALLER, Petitioner, Appellant,

v.

Allan L. ROBBINS, Warden of the Maine State Prison, Respondent, Appellee.

No. 7248.

United States Court of Appeals First Circuit.

April 23, 1969.

Errol K. Paine, Bangor, Me., for appellant.

John W. Benoit, Jr., Asst. Atty. Gen., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This appeal from the dismissal of a petition for a writ of habeas corpus raises the single question whether the petitioner was deprived of any constitutional rights when, after a guilty plea, the prosecutor reported to the sentencing judge in the absence of petitioner and his counsel a highly detrimental hearsay statement as to petitioner's conduct. The district court, on the record of the state postconviction proceedings, dismissed the petition without an evidentiary hearing. *See* Townsend v. Sain, 1963, 372 U.S. 293, 312–318, 83 S.Ct. 745, 9 L.Ed.2d 770. We granted a certificate of probable cause to appeal on a limited basis.[1]

The facts presently pertinent are these. Petitioner, who has a history of both creditable and discreditable social behavior, apparently suffers from emotional instability. In 1965, he escaped from a hospital where he had voluntarily sought relief and ended, uninvited, in the home of one M. and his wife. He terrorized the household, and then abducted Mrs. M. in

---

1. The issues originally included contentions that petitioner's guilty plea· was induced by broken promises of the prosecutor, and by threats. As to some of these additional grounds petitioner did not make out even a prima facie factual case. Testimony that his counsel told him that the prosecutor "wouldn't press for the big time," (which he did not— the prosecutor made no recommendation) is not, by a process of post facto wishful thinking, to be converted into a promise of a light sentence inducing an in-voluntary plea. Nor is a plea legally avoidable because defense counsel, after consulting with the prosecutor, told petitioner that he might hope to receive a relatively short sentence if he pleaded, or, conversely, would be likely to get a very heavy one if he stood trial. *See* Kent v. United States, 1 Cir., 1959, 272 F.2d 795, 798–799; United States v. Taylor, 4 Cir., 1962, 303 F.2d 165, 168; United States v. Lester, 2 Cir., 1957, 247 F.2d 496, 501.

her car. After an extended period of custody, petitioner freed her. He was later apprehended and indicted on a number of counts, including one for kidnapping. His assigned counsel, following a discussion with the county attorney, advised petitioner to enter a guilty plea to the kidnapping count. Petitioner accepted this advice and, after thorough inquiry by the court, entered his plea.

Sometime in the month between the arraignment and the sentencing, the county attorney, in the absence of petitioner and his counsel, informed the presiding judge of a statement made by Mrs. M. of an episode of sordid behavior by petitioner while she was in his custody. The state justice, in the postconviction proceedings in the Maine Superior Court, found that this communication was made "in the process of the County Attorney's keeping the Court informed of the status of the criminal docket." There is an unresolved conflict in the testimony as to how long before sentencing the communication took place, how long afterwards petitioner's counsel learned of it, notably of its full extent, and when counsel was able to report petitioner's denial of the more sordid portion of the episode.

■■■ Particularly on the basis of petitioner's evidence that there was an appreciable period before his counsel learned of the extent of the disclosure petitioner asserts that the prosecutor's ex parte conveyance of prejudicial information was a violation of due process. We agree. In so holding we need not, and do not, enter into the mooted discussion of what knowledge possessed by the sentencing judge must be communicated to defense counsel. *See* United States v. Fischer, 2 Cir., 1967, 381 F.2d 509, cert. denied 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185; Baker v. United States, 4 Cir., 1968, 388 F.2d 931. There was eventually disclosure here. Petitioner's further attempt to open the subject of what may and what may not be told to the sentencing judge is frivolous. Certainly a kidnapper's conduct towards his victim is of great relevancy in determining sentence. Williams v. Oklahoma, 1959, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516. Nor do we consider in any broader degree than necessary what are appropriate sources for the judge's sentencing information, particularly with respect to professional neutrals such as a probation officer. *Cf.* Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. Our single holding is that it is improper for the prosecutor to convey information or to discuss any matter relating to the merits of the case or sentence with the judge in the absence of counsel.

■■ A defendant is entitled to due process at his sentencing, *see* Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, so far as practicable within an effective system for obtaining facts relevant to intelligent, individualized sentences. *See* Williams v. New York, *supra*.[2] While the court is entitled to a report of the criminal conduct charged, there is no practical necessity for such to be made by the prosecutor ex parte. Moreover, not only is it a gross breach of the appearance of justice when the defendant's principal adversary is given private access to the ear of the court, it is a dangerous procedure. However impartial a prosecutor may mean to be, he is an advocate, accustomed to stating only one side of the case. This is illustrated in the case at bar by the fact that when the prosecutor spoke to the court he did not even know petitioner's version. It also may give the prosecutor an unfair advantage. This, too, is illustrated in the case at bar. On the sentencing day the court replied to petitioner's counsel, according to the latter's uncontradicted testimony at the postconviction hearing, that Mrs. M's statement was inescapably true. The firmness of the court's belief may well have been due not only to the fact that

2 For an instructive resume, *see* Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv.L.Rev. 821 (1968).

the prosecutor got in his pitch first, but, even more insidiously, to the very relationship, innocent as it may have been thought to be, that permitted such disclosures.

■ Having in mind that the prosecutor would later be permitted to make the same statement in open court, the presiding judge may well have regarded a premature disclosure as a pardonable informality. It is not. At a minimum, to permit only tardy rebuttal of a prosecutor's statement, not accurately transcribed, is a substantial impairment of the right to the effective assistance of counsel to challenge the state's presentation. *Cf.* Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

We do not, of course, say that in no circumstance could an ex parte communication by the prosecutor be overlooked. There being, however, an invasion of a constitutional right, the burden of proving lack of prejudice is on the state, and it is a heavy one. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705. The Maine courts, in condemning the prosecutor's conduct yet finding no prejudice, applied an insufficient test. It was not enough that the sentencing judge "could ascribe no significance," Haller v. State of Maine, 1968, 241 A.2d 607, 611, to the prosecutor's disclosure. The inadequacy of such a disclaimer is made even clearer if one reads the judge's exact answer to the question whether his sentence was affected.

"I can't say whether it was or not. I am unable to say."

Having in mind the burden of excluding prejudice that is on the state, such testimony fell far short.

■■ We face the practical question of how to dispose of this matter equitably. We should not order petitioner resentenced without regard to the prosecutor's charges of sordid conduct, since the state had a right to convey this information to a judge in a lawful manner.[3] Nor do we feel, at the present stage of these proceedings, that it would be sufficient to permit the state to resentence the petitioner after a hearing in which he merely presents his side of the case. Full justice can now be effected only by final resolution of the question whether the charge, as improperly conveyed to the judge, was true or not. If the charge was completely in accord with fact, and assuming that no colorful argument was added, we would agree with the state that petitioner was not prejudiced by the improper disclosure. He would have been in no better position than as if the same charge had been made in the presence of himself and his counsel, with ample opportunity to present his version—which by hypothesis would have been demonstrated to be false. But if it was the charge that was false, petitioner must be freed of its influence.

Under these circumstances we vacate the dismissal of the petition and remand to the district court to conduct an evidentiary hearing as to the truth of the statement made by Mrs. M. and conveyed to the sentencing judge. If it finds the facts to have been in accord with the statement it will dismiss the petition. If it finds them not to have been in accord it will grant the writ unless within a specified number of days petitioner is re-sentenced by the Maine Superior Court on the basis of the record as thus established. The burden of proof on the respondent in the district court will be the civil burden of a preponderance of the evidence. *See* United States ex rel. Brennan v. Fay, 2 Cir., 1965, 353 F.2d 56, 58.

Nothing in this opinion is to be taken to suggest that the sentence, which was within permissible limits, would be excessive if the episode did not, in fact, occur. This is for the state court. *See* United States ex rel. Jackson v. Myers, 3 Cir., 1967, 374 F.2d 707, n. 11. We are concerned only with there being no constitutional infirmity in the manner of its imposition. Conversely, however, noth-

---

3. Compare the situation in Verdugo v. United States, 9 Cir., 1968, 402 F.2d 599, where the state communicated information illegally obtained.

ing herein is to be taken to suggest that it is proper for a prosecutor to communicate facts about the defendant to the judge ex parte so long as they are true. This is not merely a matter of ethics;[4] it is part of a defendant's right to due process and effective representation.

The order is reversed and the case remanded for further proceedings consistent herewith.

4. See Canon 3, ABA Canons of Professional Ethics; Canon 17, A.B.A. Canons of Judicial Ethics.