**Francis T. GLYNN, Appellant,**

v.

**Robert H. DONNELLY, Appellee.**

**Misc. No. 73-8046.**

United States Court of Appeals, First Circuit.

Submitted Aug. 6, 1973.

Decided Oct. 11, 1973.

James W. Kelleher, Boston, Mass., for petitioner upon application and memorandum in support thereof.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Petitioner, Francis T. Glynn, was convicted in Massachusetts Superior Court of the crimes of corruptly giving, offering and promising a bribe to certain public officials of the Commonwealth, and of conspiring to give, offer and promise a bribe to these officials. His conviction was affirmed by the Supreme Judicial Court of Massachusetts, Com-

monwealth v. Beneficial Finance Co., 1971 Mass. Advance Sheets 1367, 275 N.E.2d 33 (1971), cert. denied, 407 U.S. 914, 92 S.Ct. 2433, 32 L.Ed.2d 689 (1972). Petitioner then sought a writ of habeas corpus from the federal district court and also sought bail pending a hearing on the merits. Upon denial of bail by the district court petitioner appealed to this court, which affirmed the lower court's decision, Glynn v. Donnelly, 470 F.2d 95 (1st Cir. 1972). Thereafter the district court denied the petition for the writ and also denied the application for a certificate of probable cause for appeal under 28 U.S.C. § 2253. Petitioner now applies to this court for the certificate.

■ The substantive issue which is pressed upon us relates to certain exparte communications with the trial judge on the part of the prosecution which petitioner claims denied him due process of law, relying in particular on our decision in Haller v. Robbins, 409 F.2d 857 (1st Cir. 1969). The communications in question were a number of applications for certificates under the Uniform Law to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, Mass.G.L. c. 233, §§ 13A–13D. We agree with the district court that there is no basis to petitioner's constitutional claim and therefore deny the petition for a certificate of probable cause.

The district court, in denying the certificate, found the appeal frivolous within the meaning of Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L. Ed.2d 21 (1962), which dealt with the test of "good faith" applicable to appeals in forma pauperis. Arguably, a petitioner seeking a certificate from a court of appeals shoulders a somewhat heavier burden. In Ellis v. State of Maine, 448 F.2d 1325, 1327 (1st Cir. 1971), we said, "we do not propose to overrule a district court's denial of a certificate of probable cause for appeal, after ruling against petitioner, unless there is affirmatively demonstrated to us that such cause in fact exists."

There would appear to be differences among various courts in the articulation of a standard for review in this area, some using the "non-frivolous" standard of *Coppedge* and others using variations of a "substantiality of issues" test. *See*, for recognition of inconsistency in formulations, 43 F.R.D. 343, 351–354 (1967), 50 F.R.D. 153, 176 (1970).

Here, whether there be a significant difference or not in the standard of review of denials of forma pauperis appeals and certificates of probable cause, the district court applied the standard favoring the petitioner. And we are obliged to give "weighty consideration" to that decision. Nowakowski v. Maroney, 386 U.S. 542, 543, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967).

■ In our earlier involvement in this case, on the issue of granting bail pending hearing on the petition for habeas corpus in the district court, Glynn v. Donnelly, 470 F.2d 95 (1st Cir. 1972), we held open the issue of substantiality, saying only that petitioner's case was not "a clear one" and that we saw a significant difference between a prosecutor's making ex parte pre-sentencing remarks to the sentencing judge in Haller v. Robbins, 409 F.2d 857 (1st Cir. 1969), and "the seemingly routine processing under the [Uniform Law to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, Mass.G. L. c. 233, §§ 13A–13D] of applications to secure witnesses from without the jurisdiction." We now hold that the district court did not err in concluding that the appeal was frivolous.

We recognize that the issue was not frivolous in the sense that a court could quickly conclude that it was patently without merit. Counsel made a skillful and sophisticated argument, drawing upon facially relevant analogies. The district court treated the matter thoroughly in a ten page opinion. But the test of frivolity does not rest on the length or deliberateness of a court's reasoning. We also recognize that an issue such as this could be held frivolous by one judge and not so by another. It is

precisely in the area where, given the deference of "weighty consideration", we cannot say the district court erred, even though we realize that we are facing an issue not yet addressed, except by the Supreme Judicial Court in the prior state court proceedings.

The representations of the prosecutor went no further than to present in conclusory terms minimal information necessary to demonstrate the relevance of the requested witnesses' testimony. The certificate of the judge, though phrased in factual terms, merely repeated the representations of the prosecutor to indicate the need for the out-of-state witness. Both application and certificate were directed to what the witness was expected to say. In one application there was reference to a person's prior grand jury testimony. Whether or not the witness would testify as expected was subject to the same uncertainties as attend other justifications for preliminary action. This kind of pre-trial representation seems to us not basically different from seeking a warrant for arrest, a search warrant, an order permitting limited electronic surveillance. In all such cases a judge may be exposed to ex parte assertions which he passes on, not for their truth, but for their legal sufficiency in justifying proposed police action assuming their truth. To say that such exposure disables that judge as a matter of constitutional law from presiding over a subsequent jury trial, because he may consider the ex parte representations in imposing sentence, seems to us to expand the policy of insuring the purity of the court to the point of eliminating faith in it.

We wish to make clear that nothing we say today is meant to diminish in the least our holding in Haller v. Robbins, *supra*, that ex parte communications between judge and prosecutor are presumptively improper. But we find that there is a vast difference between a case like *Haller*, where detailed and highly

prejudicial information concerning "an episode of sordid behavior" during a kidnapping was conveyed to the judge ex parte, and a case like this one where general and conclusory representations concerning anticipated testimony of out-of-state witnesses were so communicated. Moreover, whereas in *Haller* we found "no practical necessity" for the ex parte contact, here the contact was in furtherance of the legislative plan for compulsion of the attendance of out-of-state witnesses. Under the circumstances, we find that the rule announced in *Haller* is inapplicable to this case.

We therefore agree with the district court that there is no merit in petitioner's constitutional argument.

The petition for certificate of probable cause is denied.