57 F.3d 1061
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Rashad Akeem RASHEED, Petitioner,
v.
Ronald T. DUVAL, ET AL., Respondents.
 No. 94-1634
 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
 June 19, 1995
 
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Rashad Akeem Rasheed's application for a certificate of probable cause to appeal is denied, essentially for the reasons stated in the district court's April 14, 1994, memorandum and order denying habeas corpus relief under 28 U.S.C. Sec. 2254.[1] In agreeing with the district court that there is no basis to petitioner's claim of constitutional error, we add the following comments.
 
 
 2
 * Rasheed essentially argues that the district court erred in concluding that his suppression and ineffective assistance claims are procedurally barred. As an initial matter, petitioner contends that lack of notice of the impending denial of his petition was procedurally improper and deprived him of due process. There is no merit to either claim. Rasheed assumes that the Commonwealth's motion to dismiss was treated as a motion for summary judgment because the district court, in deciding the motion, relied on two of the exhibits attached to the habeas petition: (1) the 1993 decision of the Massachusetts Appeals Court upholding Rasheed's most recent attempt in state court to secure postconviction relief, and (2) an excerpt from the transcript of his jury trial in 1975. However, a court may look to matters of public record in ruling on a motion under Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). Courts have routinely regarded documents from prior state court cases as public records. See Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases); 5A Wright & Miller, Federal Practice and Procedure Sec. 1364, at 475-80 (1990) (court judgments and orders, judicial notice of prior pleadings, and transcripts of prior court proceedings, among other evidence, may be taken into account in deciding a Rule 12(b)(6) motion). Here, the documents relied on by the district court were submitted as habeas exhibits and were utilized in framing the habeas petition. As such, they are part of the pleadings. Watterson, 987 F.2d at 4.
 
 
 3
 In a similar vein, petitioner argues that he was entitled to be given notice of the date the court planned to take the dismissal motion under advisement. The court was not required to give advance notice of its intent to rule on the motion. See, e.g., Daniels v. Morris, 746 F.2d 271, 275-76 (5th Cir. 1984). Under Rule 8(a), Rules Governing Habeas Cases, once the district court reviews the record and determines that an evidentiary hearing is not required, the court is authorized to dispose of the petition "as justice shall require." See also McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir.), cert. denied, 115 S. Ct. 489 (1994). The documents relied on by the district court provided a sufficient basis upon which to make a ruling without an evidentiary hearing. Moreover, petitioner had a reasonably sufficient opportunity to file an opposition; the district court's disposition, nine weeks after the motion was filed, was hardly premature. Rasheed's Rule 60(b) motion failed to offer any indication that with additional notice he would have done something different that would have likely defeated the Commonwealth's claim of procedural default. Under these circumstances, petitioner had a fair opportunity to meet the Commonwealth's objections to the filing of his petition. See Price v. Johnston, 334 U.S. 266, 292-93 (1948). There is no merit in Rasheed's complaint that the district court's failure to give notice that it intended to render a disposition on the pending dismissal motion violated his due process rights.
 
 II
 
 4
 It is also clear that petitioner's habeas claims-that suppression of evidence by the prosecution violated his right to due process under Brady v. Maryland, 373 U.S. 83, 87 (1963), and caused the ineffective assistance of his trial counsel-are barred by his procedural default in state court. Petitioner attempted to assert the same claims in a 1991 amended motion for a new trial under Mass. R. Cr. P. 30(b), the third attempt since his conviction in 1975 to secure such relief. The Massachusetts Appeals Court affirmed the denial of a new trial, ruling that petitioner's claims had been waived because they were not raised at trial, on direct appeal, or in petitioner's first Rule 30 motion. Commonwealth v. Kines, No. 92-P-601 (Mass. App. Ct. Feb. 24, 1993). That decision, the "last reasoned opinion" by a state court, Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991), plainly relied upon an independent and adequate state ground. Coleman v. Thompson, 501 U.S. 722, 739 (1991). The fact that the Massachusetts Appeals Court briefly considered petitioner's defaulted claims in concluding that a remand for discretionary review under Rule 30(c)(2) would be inappropriate, does not, as petitioner would have it, remove the procedural bar for federal habeas purposes. See Tart v. Massachusetts, 949 F.2d 490, 496-97 (1st Cir. 1991); see also Allen v. Massachusetts, 926 F.2d 74, 78 (1st Cir. 1991); Doucette v. Vose, 842 F.2d 538, 539-40 (1st Cir. 1988). Despite that brief discussion, it is obvious that the Appeals Court decision expressly rested on petitioner's procedural default. Harris v. Reed, 489 U.S. 255, 264 n.10 (1991) (adequate and independent state ground doctrine applies "as long as the state decision explicitly invokes a state procedural bar rule as a separate basis for decision"). And, Massachusetts cases have consistently applied a state procedural bar to claims not raised, as here, at trial, on direct appeal, or on the first motion for postconviction relief under Rule 30. See Commonwealth v. McLaughlin, 364 Mass. 211, 229 (1973).[2] Consequently, it was entirely appropriate for the district court to find these habeas claims barred in the absence of a showing by petitioner of cause for defaulting them in state court and actual prejudice resulting from that default, or that the refusal to consider the federal claims would lead to a fundamental miscarriage of justice. Harris, 489 U.S. at 262; Tart, 949 F.2d at 496.
 
 
 5
 Petitioner has made no attempt whatsoever to demonstrate cause and prejudice that would excuse his noncompliance with Massachusetts procedure, except to claim that his attorney was ineffective. But, counsel's decision not to pursue potential inconsistencies that might have come to light after sought- after police journal reports were finally produced at trial,[3] a decision that suggests at worst inadvertence or at best reasonable trial strategy, cannot constitute "cause" to revive Rasheed's claims for federal habeas review. See Smith v. Murray, 477 U.S. 527, 534 (1986) ("[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of criminal cases."); see also Tart, 949 F.2d at 497. Otherwise, the record fails even to hint that some factor external to the defense caused the default much less that interference by officials blocked petitioner's ability to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 487 (1986).[4] Nor has Rasheed shown that review of the merits of his claims under the "manifest miscarriage of justice" exception noted in Smith, 477 U.S. at 537, is warranted. There simply is "no substantial claim that the alleged error[s] undermined the accuracy of the guilt ... determination," id. at 539, or any indication that this is the extraordinary case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496.
 
 III
 
 6
 Finally, to the extent that Rasheed is attempting to complain that his habeas counsel was ineffective, no relief on that ground is available. As there is no right to counsel in Sec. 2254 proceedings, McCleskey v. Zant, 499 U.S. 467, 495 (1991), the Sixth Amendment right to effective assistance of habeas counsel does not apply. See Coleman, 501 U.S. at 752; Bonin v. Vasquez, 999 F.2d 425, 430 (9th Cir. 1993). A petitioner seeking a certificate of probable cause from this court must affirmatively demonstrate that such cause in fact exists. Glynn v. Donnelly, 485 F.2d 692, 693 (1st Cir. 1973), cert. denied, 416 U.S. 957 (1974). This means making a substantial showing of the denial of a federal right, i.e., that the "issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (punctuation and citations omitted). This has not been done.
 
 
 7
 Petitioner's motions to proceed in forma pauperis; for appointment of counsel; to correct, expand and exclude materials from the record; and for summary reversal, are denied as moot.
 
 
 8
 The certificate of probable cause is denied and the appeal is terminated.
 
 
 
 [1]
 Petitioner also seeks review of the denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b)
 
 
 [2]
 Federal courts are not forums in which to relitigate state trials. Brecht v. Abrahamson, 113 S. Ct. 1710, 1719 (1993) (citing Barefoot v. Estelle, 463 U.S. 880, 887 (1983)); see also Singleton v. United States, 26 F.3d 233, 237 n.9 (1st Cir. 1994). The sole and limited concern of a habeas court is to detect whether petitioner's incarceration violated the Constitution, laws or treaties of the United States. 28 U.S.C. Sec. 2241(c)(3)
 
 
 [3]
 The record clearly shows that defense counsel examined the police journal at trial
 
 
 [4]
 Petitioner's pro se status here and on two new trial motions in state court does not excuse his compliance with the rigors of the cause and prejudice standard. See Barksdale v. Lane, 957 F.2d 379, 385 n.12 (7th Cir. 1992)