**Richard Andre GORDON, Petitioner**

v.

**John ASHCROFT, Attorney General of the United States, Respondent**

**No. CIV.A. 02–30199–MAP.**

United States District Court,
D. Massachusetts.

Sept. 26, 2003.

Frank Crowley, Immigration and Naturalization Service, Boston, for John Ashcroft, Michael Ashe, Respondents.

Michael G. Moore, Attorney at law, Springfield, for Richard Andre Gordon, Petitioner.

---

*MEMORANDUM AND ORDER RE-
GARDING REPORT AND RECOM-
MENDATION RE: RESPON-
DENT'S MOTION TO DISMISS*

PONSOR, District Judge.

This is a challenge to a final order of removal issued against the petitioner by the Board of Immigration Appeals. Respondent filed a motion to dismiss, and on March 19, 2003 Magistrate Judge Neiman recommended that that motion be allowed.

Upon *de novo* review, the Report and Recommendation is hereby ADOPTED and the motion to dismiss is ALLOWED. Magistrate Judge Neiman is absolutely correct that the five-year bar requires dismissal in this case. Moreover, it is clear that the crime petitioner was convicted of constituted an aggravated felony.

One other matter deserves mention. Despite this court's order, the petitioner was in fact deported while this case was pending. On May 1, 2003, this court issued an order to the respondent requiring answers to specific questions regarding the erroneous deportation. The respondent's action, directly in the teeth of a court order, was obviously an extremely serious matter.

On May 22, 2003, this court received and carefully reviewed a detailed response submitted by the respondent regarding the deportation. Having considered the matter carefully, the court is convinced that the deportation was entirely accidental and the product of a unique set of unfortunate circumstances. The court was particularly impressed with the respondent's immediate willingness to arrange for the petitioner's return to this country, at the respondent's expense. Apparently, the petitioner, being now in Jamaica, indicated that he preferred to stay.

It is crucial that the respondent not repeat the grave error that was made in this case. Based on the respondent's submission, any such repetition appears highly unlikely.

In sum, for the foregoing reasons, the respondent's motion to dismiss is ALLOWED. The clerk is ordered to enter judgment for the respondent.

It is So Ordered.

*REPORT AND RECOMMENDATION
WITH REGARD TO RESPON-
DENT'S MOTION TO DISMISS
(Docket No. 5)*

NEIMAN, United States Magistrate Judge.

Richard Andre Gordon ("Petitioner"), a citizen of Jamaica awaiting deportation, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In essence, Petitioner asserts that, on May 5, 1997, an immigration judge wrongly denied his claim for discretionary relief from deportation pursuant to former section 212(c) of the Immigration and Nationality Act ("INA"), formerly 8 U.S.C. § 1182(c). Respondents' motion to dismiss has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b). For the reasons indicated below, the court will recommend that Respondents' motion to dismiss be allowed.

### I. BACKGROUND

The court has pieced together this factual background from the record before it. The facts and reasonable inferences are stated in a light most favorable to Petitioner, the party opposing dismissal. *See Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir.1997).

Petitioner was born on October 31,

1975 and is a citizen of Jamaica.[1] He has been a lawful permanent resident of the United States since February 26, 1987. On January 12, 1993, at the age of seventeen, Petitioner was convicted of manslaughter, in violation of Mass. Gen. L. ch. 265, § 13. On February 5, 1993, Petitioner was sentenced to twelve to twenty years imprisonment, with a credit of 406 days for time served in pretrial detention. On November 23, 1994, the Immigration and Naturalization Service ("INS") commenced deportation proceedings, alleging that Petitioner's conviction made him deportable, pursuant to former 8 U.S.C. § 1251(a)(2)(A)(iii), as an alien convicted of an "aggravated felony."

At ensuing deportation hearings, Petitioner, through counsel, admitted certain factual allegations, but sought discretionary relief from deportation pursuant to section 212(c).[2] He also sought suspension of deportation pursuant to then section 244 of the INA, formerly 8 U.S.C. § 1254.

On May 7, 1997, approximately 4¼ years after his sentencing, an immigration judge (hereinafter "the IJ") found petitioner deportable. The IJ further found that, because Petitioner was an alien convicted of an aggravated felony, his application for section 212(c) discretionary relief was pre-termitted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996. The IJ therefore ordered Petitioner deported to Jamaica.

An appeal before the Board of Immigration Appeals ("BIA") was available to Petitioner. However, Petitioner's notice of appeal was untimely and the IJ's May 7, 1997 decision thereby became the BIA's final order. Petitioner now seeks relief from that order via a petition for habeas corpus. Respondents have moved to dismiss the action pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[3]

## II. STANDARD OF REVIEW

Under both Rules 12(b)(6) and 12(b)(1), the court must take as true the well-pleaded facts as they appear in the petition and habeas exhibits, extending the petitioner every reasonable inference in his favor. *See Kiely,* 105 F.3d at 735; *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994). *See also Rasheed v. Duval,* 57 F.3d 1061, 1995 WL 365994, at *1 (1st Cir. June 19, 1995) (unreported) (habeas exhibits used in framing petition are part of the pleadings and may be considered on motion to dismiss). Pursu-

1. While Petitioner is stated to be a citizen of Haiti in his petition for habeas corpus and stay of removal, all other references describe him as a citizen of Jamaica.

2. At the time, section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 211(b). The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

Former 8 U.S.C. § 1182(c). Although by its terms, section 212(c) only applied to lawful permanent residents who were attempting to reenter, it has been interpreted to provide relief to aliens in deportation and exclusion proceedings. *See Gomes v. Ashcroft,* 311 F.3d 43, 44–45 (1st Cir.2002).

3. Since Petitioner is currently awaiting deportation and may soon be released from state custody, the court has expedited this report and recommendation.

ant to Rule 12(b)(6), the court may grant dismissal if "it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir.1987). Under Rule 12(b)(1), the petitioner, the party invoking jurisdiction, has the burden of proof to establish its existence, *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995), and "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action," Fed. R.Civ.P. 12(h)(3).

## III. DISCUSSION

Respondents make two arguments in support of their motion to dismiss, namely, that (1) habeas review of Petitioner's deportation order is barred for his failure to exhaust his administrative remedies, and (2) the petition fails on its merits. The first argument is jurisdictional and, therefore, arises under Rule 12(b)(1). *See Sousa v. INS*, 226 F.3d 28, 30–31 (1st Cir. 2000). The second argument arises under Rule 12(b)(6). In the end, the court suggests that even if jurisdiction exists, Petitioner fails to state a claim upon which relief can be granted.

### A. *Exhaustion of Remedies*

■ Respondents first argue that the petition before the court is barred by former section 106(c) of the INA, formerly 8 U.S.C. § 1105a(c), because Petitioner failed to timely present his claims to the BIA. As applicable at the time, Section 106(c) provided that "[a]n order of deportation or exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." Former 8 U.S.C. § 1105a(c).

Here, following the IJ's May 7, 1997 decision, Petitioner had thirty calendar days, or until June 6, 1997, to appeal to the BIA. *See* 8 C.F.R. § 3.38(b) (1997). Because Petitioner's appeal was untimely, albeit by only three days, he appears to have failed to "exhaust[ ] the administrative remedies available to him as of right under the immigration laws and regulations" as then existed. Former 8 U.S.C. § 1105a(c). Accordingly, it would seem that the court lacks jurisdiction over the instant habeas petition. *See Sousa*, 226 F.3d at 31 (noting that unlike the common law requirement of exhaustion, "a fairly flexible rule with many judicially created exceptions[,] ... we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion.").

The court, however, will not recommend dismissal on jurisdictional grounds. As the parties may well be aware, the issue of habeas jurisdiction continues to evolve, *see, e.g., INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and this court has been reluctant, in other exhaustion contexts, to foreclose the writ for lack of subject matter jurisdiction. More importantly, Petitioner's exhaustion argument is perfunctory, at best, making it that more difficult to delve into the jurisdictional thicket. While this failure on Petitioner's part may itself doom his petition on jurisdictional grounds, the court has been presented with an alternative means by which to dispose of the petition, i.e., Respondents' merits argument, and it is to that issue which the court now turns.

### B. *Merits*

Respondents contend that, assuming jurisdiction exists, the petition fails on the merits. Respondents' argument is twofold: first, that the AEDPA closed the door for the section 212(c) relief Petitioner seeks, and second, that even if the AEDPA does not apply retroactively to the instant petition, Petitioner is ineligible for section

212(c) relief under the terms of that very statute.

With respect to Respondents' first argument, the court will assume, as Petitioner argues, that the AEDPA does not apply retroactively to petitions, such as his, which were pending at the time of its enactment. *See St. Cyr*, 533 U.S. at 326, 121 S.Ct. 2271; *Goncalves v. Reno*, 144 F.3d 110, 126 (1st Cir.1998). Nonetheless, the court must determine whether Petitioner would have been eligible for discretionary section 212(c) relief under pre-AEDPA law. In the court's view, he was not.

The text of former section 212(c) provided that discretionary relief "shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Former 8 U.S.C. 1182(c). Petitioner was convicted of an aggravated felony, manslaughter. *See* 8 U.S.C. § 1101(a)(43). The only question, therefore, is whether he "served ... a term of imprisonment of at least 5 years." The answer to that question hinges, in turn, on whether, as Respondents argue, Petitioner's 406 days of pretrial detention must be added to the 4¼ years he served between his sentencing (February 5, 1993) and the IJ's deportation order (May 7, 1997). If those 406 days are added, then section 212(c) relief, as Petitioner must per force acknowledge, would have been unavailable to him.

According to 8 U.S.C. § 1101(a)(48)(B), "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." Here, the 406 days were credited to Petitioner pursuant to a Massachusetts statute which provides that state sentencing courts "shall order that the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." Mass. Gen. Laws ch. 279, § 33A. In this court's estimation, it logically follows that Petitioner's "term of imprisonment" included the 406 days the sentencing court credited to Petitioner for the time he "served" pretrial. In other words, Petitioner "served ... a term of imprisonment of at least 5 years." Accordingly, section 212(c) relief was unavailable.

Other courts faced with this issue have reached similar conclusions. *See, e.g., Saldana v. Demore*, No. C 02–1963–VRW, 2002 WL 1000168, at *3 (N.D.Cal. May 3, 2002); *Mezrioui v. INS*, 154 F.Supp.2d 274, 277 & n. 2 (D.Conn.2001). *See also Buitrago–Cuesta v. INS*, 7 F.3d 291, 296 (2d Cir.1993) (holding that immigration judge "properly considered all the time [petitioner] spent in prison"). Indeed, several of those decisions have also cited compelling BIA precedent for the proposition that pretrial detention time should be included in the section 212(c) five year calculus. *See, e.g., Saldana*, 2002 WL 1000168, at *3; *Mezrioui*, 154 F.Supp.2d at 277 (each citing *Matter of Valdovinos*, 18 I & N Dec 343, 344–45 (BIA 1982)).

Petitioner does not directly address these arguments or, indeed, provide any countervailing case law. He simply asserts that, because "[t]here is no mention of pretrial time" in the federal statute, "the Court should reject Respondent's [sic] contention and find that Petitioner had not served more than five years at the time of the BIA's decision." (Petitioner's Brief at 2.) Unfortunately, in the court's view, this cursory argument cannot withstand scrutiny. As the court in *Mezrioui* reasoned: "[Because the petitioner] gets credit against his sentence for pretrial time served pursuant to [state law], logic sug-

gests that those same periods should be included in the calculation for purposes of determining whether [the petitioner] has served five years imprisonment and is thus ineligible for 212(c) relief." *Id.*, 154 F.Supp.2d at 277 n. 2.

### IV. CONCLUSION

For the reasons stated, the court recommends that Respondents' motion to dismiss be ALLOWED.[4]

March 19, 2003.

**4.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.